# EXHIBIT A

9-30-14
3:05

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
2014 SEP 22 PM 12:53
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

GC Services Limited Partnership; Ruby Cisneros, an individual; Does 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Nicholas A. Horowitz, an individual, and Chad H. Hamby, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT
325 S. Melrose Drive, Vista, CA 92061

CASE NUMBER:
*(Número del Caso):*
37-2014-00024159-CL-MC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: SEP 22 2014 Clerk, by C.Terriquez, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [XX] on behalf of *(specify)*: GC SERVICES, LIMITED PARTNERSHIP

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [XX] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [XX] by personal delivery on *(date)*: 09/22/14

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/21/2014 at 01:01:36 PM
Clerk of the Superior Court
By Amy Wagoner, Deputy Clerk

Nicholas A. Horowitz
Chad H. Hamby
137 Seminary Dr Apt D
Mill Valley, CA 94941
760-822-3164

Plaintiffs In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA – LIMITED CIVIL

COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| Nicholas A. Horowitz, an individual, and Chad H. Hamby, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>GC Services Limited Partnership; Ruby Cisneros, an individual; Does 1-100, inclusive,<br><br>Defendants | Case No.: 37-2014-00024159-CL-MC-NC<br><br>**COMPLAINT FOR:**<br><br>**1. Violation of Federal FDCPA, 15 USC §1692 et seq.**<br>**2. Violation of CA Rosenthal Act, Civ. Code §1788 et seq.**<br>**3. Violation of Federal TCPA, 47 USC §227**<br><br>**(Amount Demanded $7,500)**<br><br>Demand for Jury Trial |

Plaintiffs, Nicholas A. Horowitz, an individual, ("hereinafter "Horowitz"), and Chad H. Hamby, and individual, ("Hamby") (collectively "Plaintiffs") allege the following upon information and belief, and personal knowledge as to their own acts:

## I. NATURE OF THE CASE

1) This is an action brought by Plaintiffs against GC Services Limited Partnership, a Delaware limited partnership (hereinafter "GC"), and Ruby Cisneros (hereinafter "Cisneros"), an individual and employee of Defendant GC (collectively "Defendants") for Defendants' violations of the debt collection laws enumerated in both the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, CA Civil Code § 1788, et seq. (hereinafter, "Rosenthal") arising

from an alleged debt which Plaintiffs are informed and believe arose from the purchase of a Dell personal computer made from the QVC shopping television channel (hereinafter "QVC") on an installment payment plan.

2) These consumer protection statutes prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

3) The actions of Defendants furthermore bring Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA") pendant causes of actions enumerated in this complaint.

## II. JURISDICTION & VENUE

4) The Court has personal jurisdiction over all Defendants because the conduct complained of was targeted at, and occurred in, San Diego County.

5) Defendant GC has submitted itself to CA jurisdiction by registering itself as a Foreign Limited Partnership with the CA Secretary of State.

6) All Defendants had sufficient minimal contacts within San Diego County giving rise to jurisdiction, including calling Plaintiff Horowitz' San Diego telephone number (760) 757-9515, and leaving a violative message on Plaintiff Horowitz' voicemail.

7) Defendants' contact with California and San Diego County resulted from purposeful availment, and it was foreseeable Defendants would be subject to jurisdiction in California and venue in San Diego County.

8) Furthermore, the call-back toll free number 866-862-2789 left in the voicemail is used by Defendants for QVC debts. Plaintiffs learned this fact through several conversations with Defendant GC's San Antonio office on 7/16/2014 and 7/18/2014 by dialing that toll free number where several of Defendant GC's representatives explained that number is used exclusively for inbound calls from QVC debtors. Therefore, Plaintiffs are informed and believe that Defendants were collecting an alleged QVC debt of Plaintiff Hamby, and that alleged debt arose from a contract entered into in, and which was substantially performed in, San Diego County prior to alleged breach, thereby establishing jurisdiction and venue in San Diego County, State of California.

9) Venue is also proper here because the violative conduct occurred in, and Plaintiffs were damaged in, this judicial district, and because Defendant GC maintains an office in San Diego County at 8400 Miramar Road #250, San Diego, CA 92126.

## III. PARTIES

10) Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs.

a) **Plaintiffs**

11) Plaintiff Nicholas A. Horowitz is a natural person who was residing in the County of San Diego, State of California at the time the QVC contract was being performed prior to the alleged breach giving rise to the alleged debt. At the time of the violative acts, Plaintiff Horowitz was residing in Marin County, California.

12) Plaintiff Horowitz submits to the personal jurisdiction of the state and federal courts located in County of San Diego, State of California.

13) Plaintiff Chad H. Hamby is a natural person who was residing in the County of San Diego, State of California at the time the QVC contract was being performed prior to the alleged breach giving rise to the alleged debt. At the time of the violative acts, Plaintiff Hamby was residing in the State of Washington.

14) Plaintiff Hamby submits to the personal jurisdiction of the state and federal courts located in County of San Diego, State of California.

15) With respect to FDCPA:

a. Plaintiff Hamby is a natural person allegedly obligated to pay a debt, meeting the definition of a "consumer" pursuant to FDCPA 1692a(3).

b. At all pertinent times hereto, the alleged debt was for the alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction (i.e., the Dell personal computer) are primarily for personal, family, or household purposes.

16) With respect to Rosenthal:

a. Plaintiff Hamby is a "debtor" within the meaning of Rosenthal §1788.2(h) in that he is a natural person from whom Defendants sought to collect a "consumer debt" alleged to be due and owing.

b. The alleged debt was a "consumer debt" within the meaning of Rosenthal 1788.2(f) in that it was for money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction".

c. The alleged debt arose from a "consumer credit transaction" within the meaning of Rosenthal §1788.2(e) because it arose from a transaction between a natural person and another person in which property (i.e., the Dell personal computer), services or money is acquired on credit (i.e., an installment payment plan) by that natural person from such other person primarily for personal, family, or household purposes.

17) Both Plaintiffs are a "person" with Federal standing to sue pursuant to FDCPA §1692k(a), and with State standing to sue since Federal FDCPA §1692k(a) is incorporated into Rosenthal §1788.17 by reference. Plaintiff Hamby also has State standing as the debtor under Rosenthal §1788.30.

18) See discussion below under "Factual Allegations" for discussion of standing on the TCPA claims.

**B. <u>Defendants</u>**

19) Defendant GC Services Limited Partnership is a Delaware limited partnership engaged in the business of collecting debts in CA and other states using the mail and telephone calls with its corporate headquarters located at 6330 Gulfton, Houston, TX, 77081, and a local office in San Diego County at 8400 Miramar Road #250, San Diego, CA 92126.

20) Defendant GC is registered as a Foreign Limited Partnership with the CA Secretary of State pursuant to CA Corp. Code §15909.01 *et seq.* under identification #198627400003, and appointed C T Corporation System as its agent for service of process in the State of CA pursuant to CA Corp. Code §15901.16.

21) Defendant Cisneros was an employee of Defendant GC at the time of the violative acts.

22) With respect to FDCPA, Defendants regularly attempt/ed to collect consumer debts alleged to be due to another using instrumentalities of interstate commerce and the mails, including from Plaintiffs, thus Defendants are a "debt collector" within the meaning of FDCPA §1692a(6).

23) With respect to Rosenthal, Defendants in the ordinary course of business, regularly engage in "debt collection", meaning any act or practice in connection with the collection of "consumer debts" (defined in ¶16(b) above), on behalf of others thus meeting the definition of "debt collector" under Rosenthal §1788.2(c).

24) Defendant Cisneros was an employee of Defendant GC, and as such was an agent, servant, representative, independent contractor, partner, joint venturer, alter ego and/or employee of Defendant GC, and in doing those acts herein referred to, was acting within the course and scope of her authority as such agent, servant, representative, independent contractor, partner, joint venturer, alter ego and/or employee, and with the express and/or implied approval, permission, knowledge, consent and ratification of all said co-Defendants.

25) Therefore, Defendant GC is vicariously liable for the torts of Defendant Cisneros under the theory of *respondeat superior*, as well as Defendant Cisneros being separately liable herself as an individual.

C. <u>Does</u>

26) The true names and capacities of Defendants sued herein under §474 of the Code of Civil Procedure as DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants when the same have been fully ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the events and occurrences herein alleged, and that Plaintiffs' damages as herein alleged were directly and proximately caused by the conduct, acts, and omissions of said Defendants.

27) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was and is the agent, servant, representative, independent contractor, partner, joint venturer, alter ego and/or employee of each or some of the other co-Defendants, and in doing those acts herein referred to, was acting within the course and scope of its authority as such agent, servant, representative, independent contractor, partner, joint venturer, alter ego and/or employee, and with the express and/or implied approval, permission, knowledge, consent and ratification of all said co-Defendants.

## IV. FACTUAL ALLEGATIONS

28) Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs.

29) On July 16, 2013 at 1:58pm Pacific Time, Defendant GC's employee, Maria Satello, left the following message on Plaintiff Horowitz' (760) 757-9515 voicemail with the Caller ID of 760-979-5319:

> "Hello this message is for Chad Hamby. My name is Maria Satello. And I would appreciate it if you could call me back. My number is 866-862-2789. Thank you."

30) On July 18, 2013 at 10:29am Pacific Time, Defendant GC's employee, Alyisa Mayen, left the following message on Plaintiff Horowitz' (760) 757-9515 voicemail with the Caller ID number of 760-979-5262:

> "Hello this message is for Chad Hamby. My name is Alyisa Mayen. Please call me at 866-862-2789. Again my number is 866-862-2789. Thank you."

31) On July 20, 2013 at 8:03am Pacific Time, Defendant GC's employee, Defendant Cisneros, left the following message on Plaintiff Horowitz' (760) 757-9515 voicemail with the Caller ID number of 760-979-5306:

> "Hello this message is for Chad Hamby. My name is Ruby Cisneros. Appreciate if you'd return my phone call. And you can reach me at 866-862-2789. Thank you."

32) All of the voicemail messages lack the Foti[1] "mini-miranda" disclosure required by FDCPA §1692e(11), and fail to meaningfully identify the legal name of the collection agency as required by FDCPA §1692d(6).

33) The voicemail messages meet the definition of a "communication" in FDCPA §1692a(2) in that they indirectly (i.e., by leaving a message) conveyed information regarding a debt (i.e., the QVC alleged debt) to any person (i.e., Plaintiff Horowitz) through any medium (i.e., the voicemail system).

34) The continuing violation doctrine applies because these calls were all in reference to the same underlying debt and were made as a series of three calls spaced two days apart and the last call is within the statute of limitations[2]. Alternatively, FDCPA §1692k(b)(1) permits the court to use the frequency and persistence of non-compliance and the extent to which the non-compliance was intentional as factors in fixing the amount of statutory damages, and out-of-statute acts can be considered when determining "frequency" and "persistence".

35) Defendant GC has been sued on this exact same issue with identically deficient voicemail messages in James Read v. GC Services, L.P., No. 2D11–1703 (Fla. 2d DCA 2012)[3]. Defendant GC failed to modify its voicemail policies and procedures even after this lawsuit evidencing a flagrant disregard for the law and rights of consumer debtors.

36) Plaintiffs are informed and believe that the call was placed using an automatic telephone dialing system (hereinafter "ATDS") as that term is defined by the TCPA §227(b)(1)(A)(iii), and further clarified by the Federal Communications Commission (hereinafter "FCC"), which is the regulatory agency with jurisdiction over debt collectors, in their 2003 Report & Order[4], their 2008 ACA Declaratory Ruling[5], and by the 9th Circuit in Satterfield v.

---

[1] Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d at 669 (S.D.N.Y. 2006). See also Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005)("The Court concludes that defendant violated § 1692d(6) when its employees failed to disclose defendant's [the collection agency's] identity and the nature of defendant's business in the messages left on plaintiff's answering machine.").

[2] Joseph v. J.J. MacIntyre Cos., LLC, 281 F. Supp.2d 1156, 1161 (N.D. Cal. 2005)

[3] A PDF of the case is available on Def. counsel's website at: http://www.hinshawlaw.com/assets/htmldocuments/Court%20Docs/ConsumerandClassActionLitigation Read 050912.pdf (last visited July 20, 2014)

[4] The FCC explained in its 2003 TCPA Order that ¶131 ". . . The hardware, when

Simon & Schuster, Inc.[6], in that the equipment Defendants used to make the call had the capacity to both (1) store numbers to be called and (2) to dial such numbers.

37) A press release on Defendant GC's website states that they use ". . . Castel's dialer and suite, Castel Connects®. . .[and that it]. . . continues to anchor the company's history in the call center industry[.]"[7]

38) Another court has ruled that the Castel dialer used by another debt collector constitutes an ATDS[8].

39) Telephone number (760) 757-9515 had been ported from a landline to Verizon Wireless in March 2013 into a "family" plan with 3 total lines and 2000 minutes per month.

40) The Verizon Wireless account was nominally in Plaintiff Hamby's name, but Plaintiff Horowitz was the regular user of (760) 757-9515, the Verizon Wireless electronic equipment which provided fixed wireless connection to the line was located inside Plaintiff Horowitz' residence, and Plaintiff Horowitz paid the bill.

41) Under local Federal District Court of the Southern District of California case law, Plaintiff Horowitz has standing to sue for TCPA violations as the regular user of that line and the person who paid the bill[9]. Case law in other District Courts holds that Plaintiff Hamby has

---

paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, *or from a database of numbers*." (emphasis added) ¶132 ". . . The statutory definition contemplates autodialing equipment that either stores or produces numbers. It also provides that, in order to be considered an "automatic telephone dialing system," the equipment need only have the "*capacity* to store or produce telephone numbers (emphasis in original). . . .." See 2003 TCPA Order, 18 FCC Rcd at 14091, paras. 131-133 (2003).

[5] In 2005 & 2006 the American Collectors Association industry trade group asked the FCC to clarify whether predictive dialers are ATDS's under the TCPA. In its 2003 Order the FCC said they were, and again in 2008 the FCC reiterated that they were. See discussion in 2008 Request of ACA International for Clarification and Declaratory Ruling, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 566-67, paras. 12-14 (2008).

[6] 569 F.3d 946 (9th Cir. 2009)

[7] See press release at http://www.gcserv.com/AboutUs/NewsandRecognition.aspx (last visited July 20, 2014).

[8] Griffith v. Consumer Portfolio Services, Inc., No. 10-C-2697, (N.D. Ill. Aug. 16, 2001) available at https://casetext.com/case/griffith-v-consumer-portfolio-serv (last visited July 20, 2014)

[9] Olney v. Progressive Casualty Insurance Company, Case No. 3:13-cv-2058-GPC-NLS, pps. 6-8 (S.D. Cal. Jan. 24, 2014) citing Gutierrez v. Barclays Group, 2011 WL 579238, at *6 (S.D. Cal. Feb. 9, 2011)..

TCPA standing as the account owner. Since both Horowitz and Hamby are joint plaintiffs in this lawsuit, TCPA standing is not an issue.

42) Neither Plaintiff ever provided express consent to call the wireless number since that number only became a wireless number during the last week of March 2013, after the transaction underlying the alleged debt took place.

43) Likewise, Defendants were not making the calls for "emergency purposes" which would have exempted the calls under TCPA §227(b)(1)(A)(i).

44) While that number was a landline, it was in Plaintiff Horowitz' name and Plaintiff Horowitz paid the bill. That landline was not used by Plaintiff Hamby. Even assuming *arguendo* that Plaintiff Hamby gave that number to QVC at the time of purchase, Plaintiff Hamby cannot provide express consent to call Plaintiff Horowitz' landline phone number.

45) Pursuant to FCC rulings and orders, the burden is on the Defendant's client, the original creditor, to maintain proof of express consent to call the wireless number[10].

46) Plaintiffs are informed and believe that Defendants obtained the (760) 757-9515 number via skip tracing and Defendants will be unable to produce any evidence of express consent because none exists.

47) The 9th circuit has ruled that obtaining a number via skip tracing does not constitute express consent for TCPA purposes[11].

48) TCPA §227(b)(3) permits the court to treble TCPA statutory damages if the violations were willful <u>or</u> knowing (emphasis added).

49) Courts have generally interpreted willfulness to imply only that an action was intentional. Courts have consistently held that knowledge of the TCPA itself is not necessary to prove willfully or knowingly[12].

---

[10] See <u>2008 Request of ACA International for Clarification and Declaratory Ruling</u>, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65, para. 10 (2008).
[11] <u>Meyer v. Portfolio Recovery Associates</u>, 696 F.3d 943 (9th Cir. 2012).
[12] See, e.g., <u>Stewart v. Regent Asset Mgmt. Solutions</u>, No. 1:10-CV-2552-CCJFK, 2011 WL 1766018, at *6-7 (N.D. Ga. May 4, 2011); <u>Sengenberger v. Credit Control Svcs.</u>, No. 09 C 2796, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010); <u>Am. Home Servs., Inc. v. A Fast Sign Co.</u>, 322 Ga.App. 791, 796, 747 S.E.2d 205, 209 (Ga. Ct. App. 2013); <u>Charvat v. Ryan</u>, 116 Ohio. St.3d 394, 399-400, 879 N.E.2d 765, 770-71 (Ohio Sup. Ct. 2007).

50) While the TCPA does not define willful, the Communications Act of 1934, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation."[13]

51) Plaintiffs are informed and believe that Defendants intentionally caused their Castel ATDS to dial at least three calls to Plaintiff Horowitz' wireless number thereby committing both willful and knowing violations of the TCPA (emphasis added).

52) In the process of investigating this lawsuit, Plaintiff Horowitz called Defendant GC on July 16, 2014 at 2:11pm Pacific Time to Defendant's number 760-979-5306 (which was the Caller ID that Defendants broadcast in its call to Plaintiff Horowitz back on July 20, 2013).

53) Plaintiff Horowitz spoke with an employee named Rosie Patela in the San Antonio office.

54) Ms. Patela indicated that Defendants were calling the phone number 760-757-9515 in order to reach a Kathryn Buzzetta and that I needed to speak with Defendant GC's Nissan Motor Acceptance department in order to find out more information and to call that department at 866-862-2787.

55) This was completely false (wrong) information.

56) More importantly, Ms. Patela just revealed to Plaintiff Horowitz that Kathryn Buzzetta owed a debt to Nissan Motors, a blatant violation of third party disclosure prohibitions in FDCPA §1692(c)(b) and Rosenthal.

57) Defendants willfully and knowingly violated the FDCPA and Rosenthal Act.

58) As a "debt collector", Defendants and each of them are fully aware of the FDCPA and California's Rosenthal debt collection laws.

59) Defendants knew each of its communications and collections attempts were willful and knowing violations of FDCPA, the Rosenthal act, and the TCPA.

60) Defendants' actions were part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprise a profitable unlawful

---

13 47 U.S.C. § 312(f)(1)

collection scheme to derive profits because it is more profitable to violate the law to improve collections success and pay-off the few consumers who sue.

61) Defendants rarely are pursued or sued in a material amount which would have a deterrent effect over FDCPA and Rosenthal violations, since very debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take such cases.

62) Plaintiffs suffered damages as a result of defendants' conduct

63) As a direct result of Defendants' illegal actions, Plaintiffs incurred out of pocket monetary damages when the filing fee was paid to file this lawsuit, as well as incidental actual damages including, telephone call charges, skip trace search charges, postage, and other damages.

64) Defendants' conduct caused Plaintiff Horowitz unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California and Federal law.

65) When bad actors within the debt collection industry flagrantly ignore consumer protection laws, it gives them an unfair advantage over other creditors and subjects the consumer to unwarranted contacts, both of which are things the FDCPA was designed to mitigate (see the FDCPA §1692 preamble).

## V. FIRST CAUSE OF ACTION - Violations of FDCPA 15 USC 1692 et seq.

**(As to all Defendants)**

66) Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs.

67) Plaintiffs are informed and believe the Defenants violated FDCPA §1692e(11) because all of the voicemail messages lack the Foti "mini-miranda" disclosure, and violated FDCPA §1692d(6) because they failed to meaningfully identify the legal name of the collection agency.

68) Plaintiffs are informed and believe Defendants violated FDCPA §1692e's general prohibition on deception, and more specifically FDCPA §1692e(10) by transmitting false and

deceptive Caller ID numbers to trick Plaintiffs into thinking it was a local call[14] to increase the probability of answering the call[15].

69) Plaintiffs are informed and believe Defendants violated FDCPA §1692f(5) when they caused charges on Plaintiffs' cell phone bill[16] by concealing the true purpose of the call (i.e., by transmitting the deceptive local Caller ID). A lot of consumers will not answer a call with a toll-free Caller ID hence the efficacy of NobelBiz's LocalTouch product (see fn 15 below).

70) Plaintiffs are informed and believe Defendants violated FDCPA §1692c(b) prohibition on third party communications when they left the voicemail messages on Plaintiff Horowitz' voicemail concerning Plaintiff Hamby's alleged QVC debt, and certainly when Plaintiff Horowitz listened to the messages.

71) Plaintiffs are informed and believe Defendants violated FDCPA §1692c(b) prohibition on third party communications when they revealed to Plaintiff Horowitz, that Kathryn Buzzetta owed money to Nissan Motors.

72) Plaintiffs are informed and believe Defendants violated FDCPA §1692d general prohibition on conduct the natural consequence of which is to oppress. Defendant GC has been sued previously for exactly the same Foti voicemail violations, but has chosen not to modify its behavior in order to comply with the law.

---

[14] A least sophisticated consumer would see area code (760) in the Caller ID and assume it was a local call. In fact (760) 979-xxxx is actually an exchange located in Bartow, CA. When Plaintiff Horowitz dialed the number back and it was connected to Defendant GC's San Antonio office, that proved that it was not a local call.

[15] A vendor called NobelBiz sells a Caller ID spoofing service called LocalTouch™ specifically marketed to debt collectors which transmits a local number in the Caller ID in order to trick the recipient into thinking it is a local call. The vendor's website boasts a "guaranteed 30% increase in contact rates". See vendor's website http://nobelbiz.com/what-we-do/contact-center-carrier-services/localtouch (last visited July 20, 2014).

[16] The FCC has determined that decrementing a bucket of minutes constitutes a "charge" because those minutes are taken away and cannot be used by the consumer-even if the consumer had excess minutes remaining at the end of the month. See 2003 TCPA Order, 18 FCC Rcd at 14115, para. 165 (stating that such calls to wireless numbers can be costly and inconvenient and that wireless subscribers who purchase a large bucket of minutes at a fixed rate neverthelessare charged for those minutes, and for any minutes that exceed the "bucket" allowance).

73) Plaintiffs are informed and believe Defendants took action that was unfair or unconscionable to collect the debt in violation of FDCPA §1692f general prohibition on same.

74) Plaintiffs seek $1,000 statutory damages under FDCPA §1692k(a)(2)(A), in addition to actual damages under §1692k(a)(1), and costs and attorney's fees under §1692k(a)(3).

## VI. SECOND CAUSE OF ACTION – Violation of CA Rosenthal Act, Civ. Code §1788 et seq.

**(As to All Defendants)**

75) Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs.

76) Because the Rosenthal Act includes the obligations of the Federal FDCPA §1692b through §1692j inclusive by reference at CA Civ. Code § 1788.17, any violation of the Federal FDCPA is a *per se* violation of Rosenthal §1788.17.

77) Each and every violation of the Federal FDCPA delineated in the First Cause of Action constitutes a *per se* violation of Rosenthal § 1788.17 by all Defendants.

78) Defendants also independently violated Rosenthal §1788.11(b) prohibiting placement of telephone calls without disclosing the caller's identity and the agency he represents.

79) Defendants independently violated Rosenthal 1788.12(b) communicating with any member of the debtor's family except with written permission (i.e., when Plaintiff Horowitz heard the voicemail message it violated this provision against third party disclosure same as the Federal FDCPA §1692c(b)).

80) Any violation of Rosenthal (which also includes conduct which violates the FDCPA proscribed conduct vis-à-vis Rosenthal §1788.17) is subject to the Rosenthal §1788.17 remedies. Rosenthal §1788.8 incorporates by reference the Federal FDCPA remedies delineated at FDCPA §1692k.

81) The Federal FDCPA §1692k remedy is available to both Plaintiffs as they are "persons" as defined by §1692k.

82) As such, Plaintiffs seek $1,000 statutory damages under Rosenthal §1788.17 (which incorporates the Federal 1692k(a)(2)(A) statutory damages remedy), in addition to actual damages under §1692k(a)(1), and costs and attorney's fees under §1692k(a)(3) as those Federal remedies are incorporated into Rosenthal by reference.

83) Since Plaintiff Hamby is the "debtor" as defined by Rosenthal §1788.2(h), the forgoing violations by Defendants were willful and knowing violations of Rosenthal, are sole and separate violations under Rosenthal 1788.30(b), and trigger a separate Rosenthal statutory damage remedy of $1,000 in favor of Plaintiff Hamby under Rosenthal §1788.30(b), in addition to actual damages under §1788.30(a), and costs and attorney's fees under §1788.30(c).

84) Per Rosenthal §1788.32, the CA legislature intended Rosenthal remedies to be cumulative, and to further amplify this point, the legislature amended §1788.17 to specifically state "notwithstanding any other provision of this title, every debt collector...shall be subject to the remedies in Section 1692k [of the FDCPA]".

## VII. THIRD CAUSE OF ACTION - Violation of TCPA 47 USC §227, *et seq.*

**(As to Defendant National)**

85) Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs.

86) TCPA §227(b)(1)(A)(iii) prohibits calls made with an ATDS to a cellular number, except for calls made with express consent, and emergency calls.

87) The number (760) 757-9515 was assigned to Verizon Wireless at the time of the violative voicemail messages.

88) Plaintiffs never provided express consent to call a wireless number.

89) The calls were not made for emergency purposes.

90) Plaintiffs are informed and believe that Defendants called using their Castel predictive dialer.

91) The FCC has said all predictive dialers are ATDS's.

92) Another court ruled that the exact same Castel equipment being used by another collection agency is an ATDS.

93) Defendants made at least 3 calls to the cellular number using an ATDS.

94) Plaintiffs seek $500 statutory damages for each of 3 calls pursuant to TCPA §227(b)(3)(B).

95) Defendant violations of TCPA will both willful and knowing (as explained above in the factual allegations), thus entitling Plaintiffs to treble damages for each call pursuant to TCPA §227(b)(3).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, having set forth the claims for relief against Defendants, respectfully pray for the following relief:

### UNDER THE FIRST CAUSE OF ACTION

1. For statutory damages in favor of Plaintiffs Horowitz and Hamby in an amount set forth by the FDCPA;
2. For actual damages;
3. For attorneys' fees and costs;

### UNDER THE SECOND CAUSE OF ACTION

1. For statutory damages in favor of Plaintiffs Horowitz and Hamby in an amount set forth by the Rosenthal Act;
2. For actual damages;
3. For attorneys' fees and costs;

### UNDER THE THIRD CAUSE OF ACTION

1. For statutory damages in favor of Plaintiffs Horowitz and Hamby in an amount set forth by the TCPA;
2. For treble damages as set forth in the TCPA;

### UNDER ALL CAUSES OF ACTION

1. For pre-judgment interest pursuant to Civil Code 3288 to the extent permitted by law; and

2. For such other and further relief as the Court may deem just and proper.

3. Plaintiffs reserve their right to file additional claims against Defendants for violations of any other statues or theories without triggering *res judicata* for failure to do so herein.

Dated: ____________________ By:______________________________

Nicholas A. Horowitz

Plaintiff In Pro

Dated: ____________________ By:______________________________

Chad H. Hamby

Plaintiff In Pro

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Nicholas A. Horowitz & Chad H. Hamby
137 Seminary Dr Apt D
Mill Valley, CA 94941

TELEPHONE NO.: 760-822-3164 FAX NO.:
ATTORNEY FOR (Name): In Pro Per

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/21/2014 at 01:01:36 PM
Clerk of the Superior Court
By Amy Wagoner, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County

CASE NAME:
Horowitz v GC Services Limited Partnership, et al.

**CIVIL CASE COVER SHEET**

☐ Unlimited (Amount demanded exceeds $25,000)
☑ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2014-00024159-CL-MC-NC

JUDGE: Judge Jacqueline M. Stern
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (*specify*): 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 7-21-2014
Nicholas A. Horowitz & Chad H. Hamby
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00024159-CL-MC-NC CASE TITLE: Horowitz vs. GC Services Limited Partnership [IMAGED]

**<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *<u>and</u>***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

<u>**Most Common Types of ADR**</u>

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at <u>http://www.sdcourt.ca.gov/adr</u>.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY, STATE, & ZIP CODE: Vista, CA 92081-6695<br>BRANCH NAME: North County | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF(S): Nicholas Horowitz et.al. | |
| DEFENDANT(S): GC Services Limited Partnership et.al. | |
| SHORT TITLE: HOROWITZ VS. GC SERVICES LIMITED PARTNERSHIP [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2014-00024159-CL-MC-NC |

Judge: Jacqueline M. Stern Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

______________________________________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

______________________________________________

______________________________________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________ Date: ______________________

______________________ ______________________

Name of Plaintiff Name of Defendant

______________________ ______________________

Signature Signature

______________________ ______________________

Name of Plaintiff's Attorney Name of Defendant's Attorney

______________________ ______________________

Signature Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 07/21/2014

______________________
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S Melrose DRIVE<br>MAILING ADDRESS: 325 S Melrose DRIVE<br>CITY AND ZIP CODE: Vista, CA 92081-6695<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 201-8027 | |
| PLAINTIFF(S) / PETITIONER(S): Nicholas Horowitz et.al. | |
| DEFENDANT(S) / RESPONDENT(S): GC Services Limited Partnership et.al. | |
| HOROWITZ VS. GC SERVICES LIMITED PARTNERSHIP [IMAGED] | |
| **NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2014-00024159-CL-MC-NC |

**CASE ASSIGNMENT**

Judge: Jacqueline M. Stern Department: N-27

**COMPLAINT/PETITION FILED:** 07/21/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/27/2015 | 09:00 am | N-27 | Jacqueline M. Stern |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

# PROOF OF SERVICE

***Horowitz, et al. v. GC Services Limited Partnership, et al.***

**Case No. 37-2014-00024159-CL-MC-NC**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On October 21, 2014, I served the document(s) entitled **NOTICE OF REMOVAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**BRETT M. WEAVER**
**110 WEST A. STREET, STE. 750**
**SAN DIEGO, CA 92101**
**619-230-0063**
**619-255-1856 FAX**
**BRETTW@JOHNSONANDWEAVER.COM**

**(BY MAIL)**: X I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL)**: I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time show on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

**(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

Executed on October 21, 2014, at Los Angeles, California.

**(FEDERAL)**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct

MELANIE DAVIS