Renee Choy Ohlendorf (SBN 263939)
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendant GC Services Limited Partnership

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| Nicholas A. Horowitz, an individual, and Chad H. Hamby, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GC Services Limited Partnership; Ruby Cisneros, an individual; Does 1-100, inclusive,<br><br>　　　　　Defendant. | Case No. 3:14-cv-02512-MMA-RBB<br><br>**DEFENDANT GC SERVICES, LP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(1) AND 12(B)(6)**<br><br>Date:　December 1, 2014<br>Time:　2:30 p.m.<br>Action Removed: 10/22/14 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on December 1, 2014 at 2:30 p.m., in Courtroom 3A of the above-entitled court, located at 221 W. Broadway, Suite 3130, San Diego, CA 92101, Defendant GC SERVICES, LP (hereinafter "Defendant" or "GCS") will and hereby does move for an order pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), in that:

　　　1.　The first claim for violation of Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), fails to state a claim upon which relief can be granted; and

2

2. The second claim for violation of the California Rosenthal Fair Debt Collection Practices Act, *California Civil Code* §1788 *et seq.* (hereinafter "Rosenthal Act"), fails to state a claim upon which relief can be granted;

3. The third claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), fails to state a claim upon which relief can be granted; and

4. This Court lacks subject matter jurisdiction over Plaintiff Hamby's third claim for violation of the TCPA; or, alternatively, lacks subject matter jurisdiction of Plaintiff Horowitz's third claim for violation of the TCPA.

The Motion to Dismiss is based upon this Notice, the Memorandum of Points and Authorities in support thereof, all other pleadings and records on file in this action, as well as such oral argument or other evidence that this Court may consider at the hearing these motions.

DATED: October 28, 2014            HINSHAW & CULBERTSON LLP

By: /s/ Renee Choy Ohlendorf
Renee Choy Ohlendorf
Attorneys for Defendant GC Services Limited Partnership

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1

II. LEGAL STANDARD............................................................................................ 2

III. PLAINTIFF'S FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA........................................................................................................ 2

    A. Plaintiffs' Claims Based on GCS' Calls on July 16, 18, and 20, 2013 Are Barred by the One-Year Statute of Limitations ....................... 2

    B. Plaintiffs' July 16 and 18, 2014 Calls to GCS Are Not Actionable ........ 3

        1. Both Plaintiffs Lack Standing to Bring a Claim for Violation of Section 1692c(b) Arising Out of the July 16, 2014 Call ................................................................................. 3

        2. No Debt Collection Activity Is Alleged........................................ 4

    C. Continuing Violation Doctrine Does Not Apply to Revive Plaintiffs' Claims.................................................................................... 6

IV. PLAINTIFF'S CLAIM FOR VIOLATION OF THE ROSENTHAL ACT FAILS TO STATE A CLAIM................................................................... 7

V. BOTH PLAINTIFFS DO NOT HAVE STANDING TO ASSERT A VIOLATION OF THE TCPA .............................................................................. 8

    A. Plaintiff Hamby Lacks Standing Because He Was Not the Called Party, as He Did Not Receive or Pay for Any of the Calls, and Was Not the Regular User of the Phone..................................................... 8

    B. Alternatively, Horowitz Lacks Standing Because He Is Not the Subscriber ................................................................................................ 11

VI. CONCLUSION................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................. 2

*Avio, Inc. v. Alfoccino, Inc.*,
  -- F.Supp.2d --, 2014 WL 1870108 (E.D. Mich. 2014) ...................................... 9

*Bell Atlantic Corp. v. Twombly*,
  550 US 544, 127 S.Ct. 1955 (2007) ..................................................................... 2

*Bledea v. Indymac Fed. Bank*,
  2010 WL 715255 (E.D. Cal. Feb. 25, 2010) ......................................................... 2

*Cellco v. Plaza Resorts*
  explained ............................................................................................................. 9

*Dokumaci v. MAF Collection Services*,
  2010 WL 2560024 (M.D. Fla. June 17, 2010) ..................................................... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
  528 U.S. 167 (2000) ............................................................................................. 8

*Golan v. Veritas Entertainment, LLC*,
  2014 WL 2095310 (E.D. Mo. 2014) .................................................................... 8

*Gutierrez v. Barclays Group*,
  2011 WL 579238 (S.D. Cal. 2011) ....................................................................... 9

*Heintz v. Jenkins*,
  514 U.S. 291 (1995) ............................................................................................. 5

*Ines v. Countrywide Home Loans*,
  2008 WL 4791863 (S.D. Cal. 2008) ..................................................................... 5

*Izenberg v. ETS Services, LLC*,
  589 F.Supp.2d 1193 (C.D. Cal. 2008) .................................................................. 5

*Johnson v. JP Morgan Chase Bank*,
  2009 WL 382734 (E.D. Cal. 2009) ....................................................................... 6

*Johnson v. Ocwen Loan Servicing*,
    374 F.Appx. 868 (11th Cir. 2010) .................................................................. 4

*Montgomery v. Hunting Bank*,
    346 F.3d 693 (6th Cir. 2003) ......................................................................... 4

*Murphy v. Bronson, Cawley, & Bergmann, LLP*,
    2011 WL 2413447 (S.D. Cal. June 13, 2011) ............................................ 5, 7

*Olney v. Progressive Cas. Ins. Co.*,
    993 F.Supp.2d 1220 (S.D. Cal. 2014) ............................................................ 9

*Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*,
    981 F.Supp.2d 1239, 2013 WL 5972173 (S.D. Fla. 2013) ............................ 9

*Riggs v. Prober & Raphael*,
    2011 WL 3238969 (N.D. Cal. Aug. 16, 2010) and *Cal. Civ.* ....................... 7

*Sanchez v. Client Services, Inc.*,
    520 F.Supp.2d 1149 (N.D. Cal. 2007) ........................................................... 4

*Sosa v. Utah Loan Servicing, LLC*,
    2014 WL 173522 (S.D. Cal. 2014) ................................................................ 6

*Taylor v. Pinnacle Credit Services, LLC*,
    2011 WL 1303430 ......................................................................................... 7

*Townsend v. Chase Bank USA, N.A.*,
    2009 WL 426393 (C.D. Cal. Feb. 15, 2009) .................................................. 2

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ....................................................................... 2

*Walsh v. Frederick J. Hanna & Assoc.*,
    2010 WL 5394624 (E.D. Cal. Dec. 21, 2010) ............................................... 7

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ......................................................................... 2

**Statutes**

15 U.S.C. §1692 .............................................................................................. *passim*

47 U.S.C. §227 ................................................................................................ *passim*

California *Code of Civil Procedure* §1788 .......................................................... 1, 2, 7

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ........................................................................2

Federal Rule of Civil Procedure 12(b) ......................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In an attempt to contact Plaintiff Chad H. Hamby ("Hamby") regarding his outstanding QVC account balance, GCS called and left three voicemails for Hamby on <u>July 16, 18, and 20, 2013. Those were the only calls alleged to have been placed by GCS</u>. Hamby and co-plaintiff Nicholas A. Horowitz ("Horowitz") purport the July 2013 calls violate (1) the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), (2) the California Rosenthal Fair Debt Collection Practices Act, *California Civil Code* §1788 *et seq.* (hereinafter "Rosenthal Act"), and (3) the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

<u>Plaintiffs' claims for violation of the FDCPA and Rosenthal Act are barred by the one-year statute of limitations, as this case was filed on July 21, 2014</u>. In an improper effort to save these claims under the continuing violation theory, Plaintiffs placed two calls to GCS a year later, on <u>July 16 and 18, 2014,</u> for the admitted purpose of "investigating" the grounds of this lawsuit. Plaintiffs contend that the July 16, 2014 call tolls the statute of limitations and entitles them to damages under Section 1692c because GCS purportedly informed Horowitz that it had previously called his number in an attempt to reach a third-party, Kathryn Buzzetta. It does not. That is not debt collection activity subject to either statute, and not a single instance of an attempt to collect a debt is alleged in either the July 16, 2014 or July 18, 2014 calls. Moreover, neither plaintiff has standing to assert a Section 1692c claim, which limits standing only to consumers, *i.e.*, the person alleged to owe the debt and whose debt was disclosed to third parties, not the third party who learned of the debt.

Similarly, Plaintiff Hamby lacks Article III or statutory standing to prosecute a claim for violation of the TCPA, as he did not receive any of the GCS' July 2013 calls, was not the regular user of the phone, and did not pay the phone bills. Plaintiffs' claims must accordingly be dismissed with prejudice, for all the reasons discussed in detail herein.

## II. **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claim or claims alleged in the complaint. The U.S. Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain <u>sufficient factual matter</u>, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570, 127 S.Ct. 1955, 1974 (2007) (emphasis added). However, a court need not assume the truth of legal conclusions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A complaint that only shows "a sheer possibility that the defendant acted unlawfully" is insufficient. *Iqbal* at 1949. Thus, in order to meet the "plausibility" requirement, a plaintiff must plead "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action". *Twombly*, 550 U.S. at 555. The "plausibility" requirement governs complaints in all federal civil actions. *Iqbal* at 1949.

Additionally, a plaintiff alleging false representations under Section 1692e of the FDCPA, as is the case here, is subject to the heightened pleading standard of Rule 9(b) for claims sounding in fraud. *Bledea v. Indymac Fed. Bank*, 2010 WL 715255, *7, 8 (E.D. Cal. Feb. 25, 2010); *see also Townsend v. Chase Bank USA, N.A.*, 2009 WL 426393, *2 (C.D. Cal. Feb. 15, 2009). Plaintiff is required to state the "who, what, when, where and how" of the false representation under this standard. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003).

## III. <u>**PLAINTIFF'S FAILS TO STATE A CLAIM FOR VIOLATION OF THE FDCPA**</u>

### A. <u>**Plaintiffs' Claims Based on GCS' Calls on July 16, 18, and 20, 2013 Are Barred by the One-Year Statute of Limitations**</u>

Section 1692k(d) of the FDCPA provides a one-year statute of limitations, and states,

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs. 15 U.S.C. §1692k(d) (emphasis added).

The Complaint was filed in San Diego Superior Court on <u>July 21, 2014</u>. Plaintiffs allege violations of Sections 1692c(b), d, d(6), e, e(10), e(11), f, and f(5) based on <u>three calls made by GCS on July 16, 2013, July 18, 2013, and July 20, 2013. Those are the only calls alleged to be made *by GCS*</u>. Compl. ¶¶29-32, 67-73. Plaintiffs' claims based on the 2013 calls are all time-barred. Nor is there any actionable collection activity alleged within the limitations period, much less a continuing course of conduct that would toll the statute of limitations period under the continuing violation doctrine, as discussed *infra*.

**B.   <u>Plaintiffs' July 16 and 18, 2014 Calls to GCS Are Not Actionable</u>**

    **1.   Both Plaintiffs Lack Standing to Bring a Claim for Violation of Section 1692c(b) Arising Out of the July 16, 2014 Call**

Because the July 2013 calls are time-barred, the only communications at issue are Plaintiffs' two calls to GCS on July 16 and 18, 2014. Plaintiffs assert GCS violated Section 1692c(b) by disclosing Kathryn Buzzetta's debt to Nissan Motors during the July 16, 2014 call. Compl. ¶¶52-56, 71. Because neither Plaintiff alleges he owes the purported Buzzetta debt, neither is a "consumer" with standing to file a claim for violation of Section 1692c(b).

The FDCPA applies only to consumers, and defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). Additionally, <u>a debt collector's duty under Section 1692c(b) runs solely to the consumer, and explicitly requires consumer status to bring a claim. This is because it is the *consumer* who suffers an invasion of privacy and injury from</u>

<u>disclosure of his or her debt to third parties,</u> *not* <u>the third party to whom the debt is disclosed</u>. Section 1692c(b) states:

> (b) Communication with third parties
>
> Except as provided in section 1692b of this title, without the prior consent of **the consumer** given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. (emphasis added).

As such, courts regularly hold that violations of Section 1692c(b) may only be brought by consumers, i.e., the debtor that owes the outstanding balance at issue. *Montgomery v. Hunting Bank*, 346 F.3d 693, 696 (6th Cir. 2003); *Johnson v. Ocwen Loan Servicing,* 374 F.Appx. 868, 874 (11th Cir. 2010); *Sanchez v. Client Services, Inc.*, 520 F.Supp.2d 1149, 1155, fn.3 (N.D. Cal. 2007) (plaintiff that did not owe the debt had no standing to assert violations of, *inter alia*, Section 1692c(b)).

Additionally, as to plaintiff Hamby, it is not alleged that he was a party to the July 16, 2014 call, or that any disclosure of Ms. Buzzetta's debt was made to him. *See* Compl. ¶¶52-56.

Plaintiffs' claim for violation of Section 1692c(b) fails as a matter of law.

### 2. No Debt Collection Activity Is Alleged

There is no debt collection activity alleged during the July 16, 2014 or July 18, 2014 phone calls to GCS. Nowhere is it alleged that GCS requested payment of Hamby's outstanding account balance or any other debt during either call, or that either Plaintiff made the calls to discuss or remit payment on Hamby's account. Indeed, <u>Plaintiffs admit those calls were placed "[i]n the process of investigating this lawsuit."</u> *See* Compl. ¶¶52 (emphasis added). Absent any debt collection activity, there is no actionable claim under the FDCPA.

4

To state a claim for violation of the FDCPA, a plaintiff must plead sufficient facts showing that (1) <u>he has been subject to collection activity</u> arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) that the defendant has participated in an act or omission prohibited by the FDCPA. *Murphy v. Bronson, Cawley, & Bergmann, LLP*, 2011 WL 2413447 (S.D. Cal. June 13, 2011); *Dokumaci v. MAF Collection Services*, 2010 WL 2560024 (M.D. Fla. June 17, 2010); *Ines v. Countrywide Home Loans*, 2008 WL 4791863 (S.D. Cal. 2008); *Izenberg v. ETS Services, LLC,* 589 F.Supp.2d 1193 (C.D. Cal. 2008). "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

As to the July 16, 2014 call, there is no allegation that GCS requested payment from Horowitz on either the Hamby or Buzzetta account. There is no allegation that Horowitz paid or offered to pay any portion of Hamby's or Buzzetta's outstanding account balance. There is no allegation of any debt collection activity whatsoever during the July 16, 2014 call. *See* Compl. ¶¶52-56. Further, the Complaint asserts that GCS informed Horowitz it was not collecting on an outstanding account balance owed by either him or Hamby, but were attempting to contact Buzzetta. *See* Compl. ¶54. This is nothing more than a thinly veiled and inappropriate attempt to make an end-run around the one-year time bar. Further, Plaintiff Hamby is not alleged to have been a party to the July 16, 2014 call, and absent a communication, he has no claim based on that conversation.

Likewise, there is no debt collection activity alleged during Plaintiffs' July 18, 2014 call to GCS. The only representation GCS is alleged to have been made during that call is that the phone number 866-862-2789 is provided by GCS for use by consumers with QVC debts. *See* Compl. ¶8. There is no allegation that GCS requested payment of any debt during that call, or that either Plaintiff made payment on any outstanding account balance, or offered to make payment. Additionally, it is

5
MOTION TO DISMISS

unclear from the Complaint which of the Plaintiffs placed or participated in the purported call on July 18, 2014. *Id.* If one (or both) did not participate in that call, the non-participatory plaintiff has no basis to file a claim based thereon.

### C. Continuing Violation Doctrine Does Not Apply to Revive Plaintiffs' Claims

Because no collection activity or statutory violation is alleged within the limitations period, much less a continuing course and pattern of actionable conduct, the continuing violation doctrine does not apply to save their claims, as Plaintiffs allege. *See* Compl. ¶34. The continuing violation doctrine applies only in limited circumstances, where "the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." *Sosa v. Utah Loan Servicing, LLC*, 2014 WL 173522 (S.D. Cal. 2014) (continuing violation doctrine did not apply to six letters sent over a two-year period) (citations omitted).

In this case, there are three total phone calls alleged to have been placed by GCS on July 16, 18, and 20, 2013. There is no collection activity alleged after July 20, 2013. There is no allegation that GCS contacted or attempted to contact either Plaintiff after its last phone call on July 20, 2013. The only communications alleged within the limitations period are two calls made *by Horowitz to GCS on July 16, 2014 and by one or both Plaintiffs on July 18, 2014.* As discussed above, those calls were placed not in response to GCS' prior attempts to collect Hamby's debt *one year earlier,* but for the purposes of "investigating" this lawsuit. *See* Compl. ¶¶8, 52.

GCS' alleged statements in the July 16, 2014 phone call is certainly not a continuation of its prior attempts to collect Hamby's debt, which had already ceased for a year. Rather, GCS' statement is a discrete act in response to a communication initiated by Horowitz in a thinly veiled attempt to revive these stale claims. Hamby is not even alleged to be a party to that call. *See* Compl. ¶¶52-56. California courts have rejected similar claims by other plaintiffs. *Johnson v. JP Morgan Chase Bank*, 2009 WL 382734 (E.D. Cal. 2009) (continuing violation doctrine did not apply

6

where creditor responded to one phone call from debtor alleging identity theft, and then sent one follow up letter to debtor one month letter).

Nor is Plaintiffs' July 18, 2014 call a continuation of prior debt collection attempts. The only statement alleged during that conversation is that GCS uses a dedicated toll-free number for QVC accounts. *See* Compl. ¶8.

There is no basis for Plaintiffs' improper attempt to bootstrap their time-barred claims onto their July 16 and 18, 2014 "investigative" calls to GCS. Plaintiffs' claims come too late, and this Court should decline to override the plain language of the statute and toll the limitations period on these allegations. Accordingly, Plaintiffs' claims for violation of the FDCPA should be dismissed with prejudice.

## IV. PLAINTIFF'S CLAIM FOR VIOLATION OF THE ROSENTHAL ACT FAILS TO STATE A CLAIM

The Rosenthal Act "is California's version of the FDCPA, as it 'either mimics the relevant provisions of the FDCPA or incorporates them by reference.'" *Murphy v. Bronson, Cawley, & Bergmann, LLP*, 2011 WL 2413447 at *6 (citing *Riggs v. Prober & Raphael*, 2011 WL 3238969, at *3 (N.D. Cal. Aug. 16, 2010) and *Cal. Civ. Code* §1788.17). As such, "district courts analyze FDCPA and [Rosenthal Act] claims identically." *Id.* (citing to *Taylor v. Pinnacle Credit Services, LLC*, 2011 WL 1303430, at *2, n.2; *Walsh v. Frederick J. Hanna & Assoc.*, 2010 WL 5394624, *4 (E.D. Cal. Dec. 21, 2010); *Riggs*, 2010 WL 3238969 at *3.

Like the FDCPA, the Rosenthal Act also has a one-year statute of limitations. *Civil Code* §1788.30(f) states in pertinent part as follows:

> Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, *within one year from the date of the occurrence of the violation.* (emphasis added).

Thus, Plaintiff's Rosenthal claims fail for all the same reasons set forth in

7
MOTION TO DISMISS

31562450v1 0964311

Section III, *supra*, and incorporated herein by reference to avoid further encumbering the record.

## V. BOTH PLAINTIFFS DO NOT HAVE STANDING TO ASSERT A VIOLATION OF THE TCPA

### A. Plaintiff Hamby Lacks Standing Because He Was Not the Called Party, as He Did Not Receive or Pay for Any of the Calls, and Was Not the Regular User of the Phone

Hamby lacks standing to assert a claim for violation of the TCPA, as he was not the regular user of the phone called by GCS, did not receive any of the July 2013 calls, and did not pay for any of those calls. *See* Compl. ¶¶6, 40. Nevertheless, Hamby claims that his status as "nominal" subscriber to the phone confers him with standing to sue for autodialer calls which he did not receive. *See* Compl. ¶¶40, 41. That is nonsensical, and not the law.

Standing under Article III of the U.S. Constitution is a threshold jurisdictional requirement of any action. To establish an Article III case or controversy, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000).

Plaintiffs in TCPA actions are not exempted from establishing Article III standing. "The TCPA, in its effort to protect consumers' privacy rights . . . does not show Congress expressed an intent to circumvent the Article III case-or-controversy standing requirement, which requires a plaintiff to demonstrate a distinct and palpable injury when seeking a private remedy." *Golan v. Veritas Entertainment, LLC*, 2014 WL 2095310 (E.D. Mo. 2014) (prerecorded voice message received by plaintiffs on their voicemail and of which they had no knowledge lacked Article III

standing to prosecute TCPA claims). *See also Avio, Inc. v. Alfoccino, Inc.*, -- F.Supp.2d --, 2014 WL 1870108 (E.D. Mich. 2014) (plaintiff lacking knowledge of or possession of purported junk faxes at issue did not have privacy invaded, did not suffer injury in fact, and did not have Article III standing for TCPA claim); *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 981 F.Supp.2d 1239, 2013 WL 5972173 (S.D. Fla. 2013) (same).

Thus, the TCPA does not contemplate that a person who does not receive autodialer calls may file a private claim. The Southern District of California has held that **"[t]he only logical interpretation of 'called party' as used in this section [227(d)] is the 'actual recipient'", and that interpretation should carry the same meaning in other provisions of the TCPA**, such as Section 227(b)(1)(A), at issue in this case. *Olney v. Progressive Cas. Ins. Co.*, 993 F.Supp.2d 1220 (S.D. Cal. 2014) (regular user of cell phone is the called party that has standing to sue for TCPA violation). Thus, in this district, courts have construed the statute as protecting <u>the ultimate user of the phone</u>, and confer standing upon that person. Usually, that is the subscriber to the phone. *Gutierrez v. Barclays Group*, 2011 WL 579238 (S.D. Cal. 2011) (subscriber had standing because she was also the regular user of the phone who received the calls at issue). Where the subscriber is not the primary user of the phone, courts have found it is the regular user that has standing. *Olney*, 993 F.Supp.2d 1220.

This is because the phone subscriber, who is the named account holder on the phone, may transfer his or her rights to consent to autodialed calls to the regular user of the phone. As the court in *Cellco v. Plaza Resorts* explained:

> The Court starts with the proposition that the subscriber controls the telephone for all legally relevant purposes, since the subscriber is the person who is obligated to pay for the telephone and has the authority to consent to receive calls that would otherwise be prohibited by the statute. (citations omitted). Since the subscriber controls the telephone for all legally relevant purposes, he or she can transfer use of the

telephone, and all rights attendant to its use, to another. In most instances when the subscriber is an individual, he or she will be the primary user of the telephone and the recipient of the prohibited calls. Under such circumstances, the cause of action inures to the benefit of the subscriber.

However, a subscriber can, and in many cases will, transfer primary use of the telephone to another. For example, the head of a household subscribes to three telephones, one to be used by him or her, one to be used by the subscriber's spouse, and one to be used by the subscriber's child. <u>When the subscriber transfer the right to primary use of the telephone to another, the subscriber also transfer to the primary user the right to consent to the receipt of otherwise prohibited calls and the right to any cause of action accruing as a result of a prohibited call</u>. This is a logical inference from the statutory scheme since the act is designed to protect users of telephones from nuisance calls and from unwarranted invasion of their privacy. (citations omitted). <u>The primary user of the telephone is the one who needs protection from nuisance calls and privacy, not a subscriber who never uses the telephone. To conclude otherwise would mean in our hypothetical that when the subscriber's spouse or child receives a prohibited call on the telephone that has been given to them for their use, and which the subscriber does not use, the subscriber would have the cause of action. Such a result cannot be what Congress had in mind when it enacted the statute. Thus, the primary use of the telephone, as determined by the subscriber, should have the cause of action when a violation of the statute occurs</u>. (emphasis added).

As in *Cellco*, Hamby transferred his rights to the telephone when he transferred sole use of it to Horowitz, and thus, transferred his standing to sue for violations of the TCPA. Plaintiffs allege it was only Horowitz, not Hamby, that received the three phone calls from GCS in July 2013. Compl. ¶¶6, 40. They also allege that only Horowitz used the phone called by GCS, and that Hamby did not have access to that phone or pay the phone bills. Compl. ¶40. According to the Complaint, "<u>Plaintiff Horowitz was the regular user of (760) 757-9515, the Verizon Wireless electronic equipment which provided fixed wireless connection to the line</u>

was located inside Plaintiff Horowitz' residence, and Plaintiff Horowitz paid the bill." Compl. ¶40. Nor could Hamby have received the July 2013 calls because at the time those calls were made, Hamby resided in the State of Washington, and Horowitz resided in Marin County, California. *See* Compl. ¶¶11, 12. As Plaintiffs assert, the phone at issue was only "nominally in Hamby's name". *Id.*

Under these facts, Hamby was not the called party, did not suffer any invasion of his privacy rights, and did not suffer any injury in fact, as he did not receive or pay for any calls from received from GCS. Hamby lacks standing to file a claim for violation of the TCPA, and his claim must be dismissed with prejudice

**B.   Alternatively, Horowitz Lacks Standing Because He Is Not the Subscriber**

Alternatively, should this Court determine that it is the subscriber, and not the regular user that has standing to file a TCPA claim, then Horowitz's claim must be dismissed for lack of standing, since the Complaint alleges the account for the phone was in Hamby's name and that Hamby was the subscriber of the phone. *See* Compl. ¶40. Either way, **only one plaintiff can have standing to file the claim for alleged violation of the TCPA, not both**.

**VI.   CONCLUSION**

For all the foregoing reasons, Defendant GC Services LP respectfully requests that this Court grant its Motion to Dismiss in its entirety, without leave to amend.

DATED: October 28, 2014          HINSHAW & CULBERTSON LLP

                                 By: /s/ Renee Choy Ohlendorf
                                     Renee Choy Ohlendorf
                                     Attorneys for Defendant GC Services
                                     Limited Partnership

# PROOF OF SERVICE

### *Horowitz, et al. v. GC Services Limited Partnership, et al.*

### Case No. 37-2014-00024159-CL-MC-NC

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On October 28, 2014, I served the document(s) entitled **DEFENDANT GC SERVICES, LP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(1) AND 12(B)(6)** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**BRETT M. WEAVER**
**110 WEST A. STREET, STE. 750**
**SAN DIEGO, CA 92101**
**619-230-0063**
**619-255-1856 FAX**
**BRETTW@JOHNSONANDWEAVER.COM**

**(BY MAIL):** I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL):** x I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time show on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

**(BY CM/ECF SERVICE):** x I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

Executed on October 28, 2014, at Los Angeles, California.

**(FEDERAL):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct

MELANIE DAVIS