JOHNSON & WEAVER, LLP
Brett M. Weaver, Esq. (SBN 204715)
110 West A Street, Suite 750
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
E-mail: brettw@johnsonandweaver.com

*Attorney for Plaintiffs*
*Nicholas Horowitz & Chad Hamby*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS HOROWITZ, an individual, and CHAD HAMBY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP, a Delaware limited partnership doing business in California,<br><br>Defendant. | Case No.: 14-cv-02512-MMA-RBB<br><br>**AMENDED COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF 15 USC § 1692 ET SEQ.**<br>2. **VIOLATIONS OF CAL. CIV. CODE § 1788 ET SEQ.**<br>3. **VIOLATIONS OF 47 USC § 227**<br>4. **VIOLATIONS OF CAL. PENAL CODE § 631, ET SEQ.**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Nicholas A. Horowitz and Chad H. Hamby (collectively "Plaintiffs") allege, based on personal knowledge as to their own acts, and upon information and belief as to the other facts, the following:

## I.   NATURE OF THE CASE

1.   Plaintiffs bring this class action against Defendant GC Services Limited Partnership ("GCS") for violating several consumer-protection statutes, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788,

1

et seq., the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Invasion of Privacy, Cal. Penal Code § 631, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims under to 28 U.S.C. § 1367. Declaratory and injunctive relief is available under to 28 U.S.C. §§ 2201 and 2202.

3. This Court has specific jurisdiction over the named Defendant because GCS maintains sufficient minimum contacts with California to render jurisdiction by this Court permissible under the traditional notions of fair play and substantial justice. Moreover, GCS's conduct was purposefully directed at persons in California.

4. Venue in this District is proper because Defendant transacts business here and the conduct giving rise to this claim arose in part in this district and GCS has received substantial compensation in this district by doing business here and engaging in numerous activities that had an effect in this district.

## III. PARTIES

5. Horowitz is a natural person who was residing in the County of San Diego, State of California at the time the alleged obligation was incurred.

6. Hamby is a natural person who was residing in the County of San Diego, State of California at the time the alleged obligation was incurred.

7. GCS is a Delaware limited partnership engaged in the business of collecting debts in California and other states using the mail and telephone calls with its corporate headquarters located at 6330 Gulfton, Houston, TX, 77081, and a local office in San Diego County at 8400 Miramar Road #250, San Diego, CA, 92126. GCS is a "debt collector" within the meaning of 15 U.S.C.

§ 1692a(6) because it regularly attempts to collect consumer debts alleged to be due to another using instrumentalities of interstate commerce and the mails, including from Plaintiffs.  Further, GCS engages in "debt collection" within the meaning of Cal. Civil Code § 1788.2(c) because it regularly attempts to collect "consumer debts" on behalf of others.

## IV.   FACTUAL ALLEGATIONS

8. In December 2012, Hamby purchased a Dell personal computer from the QVC shopping television channel on an installment payment plan.

9. At the time, Hamby was living at Horowitz's residence.  The landline telephone number for that residence was (760) 757-9515 (the "Receiving Number").  The Receiving Number was in Horowitz's name, Horowitz was the regular user of the phone, and he paid the monthly bill.  Hamby did not use the Receiving Number and Horowitz never gave any person express consent to call the Receiving Number.

10. In March 2013, Horowitz ported the Receiving Number from a landline to Hamby's Verizon Wireless "family" plan with three total lines and 2000 minutes per month.  At that point, Hamby became the nominal account owner of the Receiving Number.  Neither Plaintiff provided express consent for anyone to call the Receiving Number after it became a wireless phone.

11. On July 16, 2013 at 1:58 p.m. Pacific Time, GCS's employee, Maria Satello, called the Receiving Number and left the following voicemail message:

> "Hello this message is for Chad Hamby.  My name is Maria Satello.  And I would appreciate it if you could call me back.  My number is (866) 862-2789.  Thank you."

12. On July 18, 2013 at 10:29 a.m. Pacific Time, GCS's employee, Alyisa Mayen, called the Receiving Number and left the following voicemail message:

> "Hello this message is for Chad Hamby. My name is Alyisa Mayen. Please call me at (866) 862-2789. Again my number is (866) 862-2789. Thank you."

13. On July 20, 2013 at 8:03 a.m. Pacific Time, GCS's employee, Ruby Cisneros, called the Receiving Number and left the following voicemail message:

> "Hello this message is for Chad Hamby. My name is Ruby Cisneros. Appreciate if you'd return my phone call. And you can reach me at (866) 862-2789. Thank you."

14. Plaintiffs are informed and believe that the phone calls alleged in ¶¶ 11-13 were placed using an Automatic Telephone Dialing System ("ATDS"). Specifically, a press release on GCS's website states that it uses "Castel's dialer and suite, Castel Connects® continues to anchor the company's history in the call center industry[.]"

15. In addition, Plaintiffs are informed and believe that each of the phone calls alleged in ¶¶ 11-13 were made from GCS's call center in San Antonio, Texas. Nevertheless, the Receiving Number's caller ID identified the calls as coming from a local number: (760) 979-5319 (the "Calling Number"). Plaintiffs are also informed and believe that GCS uses a spoofing service analogous to a product called LocalTouch™, which is specifically marketed to debt collectors to make it appear that a collection call is coming from a local number to trick the recipient into thinking the call is from a local caller. According to the vendor's website, debt collectors who use LocalTouch™ are "guaranteed [a] 30% increase in contact rates."

16. As part of his investigation into this lawsuit, on July 16, 2014, at 2:11 p.m. PDT, Horowitz called the Calling Number and spoke with GCS's employee Rosie Patela in GCS's San Antonio office. At the end of the call, Horowitz asked Patela if she was recording the call and Patela said yes. Patela, however, never obtained Horowitz's consent to record the call.

17. On July 16, 2014, at 2:17 p.m. PDT, Horowitz called GCS again to ask a follow-up question and he spoke with a representative named "Kenneth." Kenneth did not tell Horowitz he was recording the call. After speaking with Kenneth for several minutes, Kenneth transferred the call to Nancy Zamora who finally disclosed that the call was being recorded.

18. On July 16, 2014, at 2:27 p.m. PDT, Horowitz called GCS again to ask another question. Patela again answered the call. Patela did not disclose that she was recording the call.

19. On July 18, 2014, at 8:50 a.m. PDT, Horowitz called GCS again and spoke to an employee named "Julian." Julian did not disclose that he was recording the call.

20. On July 18, 2014, at 11:10 a.m. PDT, Horowitz called GCS again and spoke with a GCS employee named Tiffany Goldston. Goldston did not disclose that she was recording the call until the end of the call.

21. On July 18, 2014, at 11:35 a.m. PDT, Horowitz called GCS again and spoke with a GCS employee named Elisabeth Rodriguez. She did not disclose that she was recording the call until the very end of the call.

22. On July 18, 2014, at 11:10 a.m. PDT, Horowitz called GCS and spoke with Goldston again. Goldston did not disclose that she was recording the call. Goldston proceeded to read to Horowitz the names of several persons with the last name of Hamby who had alleged debts that GCS was trying to collect. Goldston transferred the call to her supervisor Debra Gara. Gara likewise did not disclose that she was recording the call.

## V.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Violations of the FDCPA — 15 U.S.C. § 1692, et seq.)

23.  Plaintiffs reallege and incorporate the previous paragraphs as if set forth fully below.

24.  The voicemail messages alleged in ¶¶ 11-13 were "communications" within the meaning of § 1692a(2) in that they indirectly (i.e., by leaving a message) conveyed information regarding a debt (i.e., the QVC alleged debt) to any person (i.e., Plaintiff Horowitz) through any medium (i.e., the voicemail system).

25.  GCS's voicemails were an attempt to collect a "consumer debt" within the meaning of 15 U.S.C. § 1692a(5) because the alleged obligation GCS was attempting to collect was primarily for personal, family, or household use.

26.  The voicemail that GCS left on July 20, 2013 violated § 1692e(11) because it lacked the *Foti* "mini-miranda" disclosure required by § 1692e(11) and violated § 1692d(6) because it failed to meaningfully identify the legal name of the collection agency.

27.  Additionally, by using a false and deceptive Caller ID number to trick Plaintiffs into thinking it was a local call to increase the probability of answering the call, GCS violated 15 U.S.C. § 1692e's general prohibition against deception, and more specifically § 1692e(10)'s prohibition against "[t]he use of any . . . deceptive means to collect or attempt to collect any debt . . . ." Further, by using a deceptive caller ID number to conceal the true purpose of the call, GCS violated 15 U.S.C. § 1692f(5) by causing charges to be made to Plaintiffs' cell phone bill.

28. In addition to their actual damages, Plaintiffs seek statutory damages under FDCPA § 1692k(a)(2)(A) and costs and attorneys' fees under §1692k(a)(3).

## SECOND CLAIM FOR RELIEF
### (Violations of the Rosenthal Act — Cal. Civ. Code § 1788 et seq.)

29. Plaintiffs reallege and incorporate by reference the previous paragraphs.

30. Because the Rosenthal Act includes the obligations of the FDCPA, any violation of the FDCPA is also a violation of § 1788.17. Thus, each and every violation of the FDCPA by GCS constitutes a violation of the Rosenthal Act as well.

31. GCS also independently violated § 1788.11(b)'s prohibition against placing telephone calls without disclosing the caller's identity and the agency he or she represents.

32. In addition to their actual damages, Plaintiffs seek statutory damages under § 1788.17 and § 1788.30, and attorneys' fees and costs under § 1788.31.

## THIRD CLAIM FOR RELIEF
### (Violations of the TCPA — 47 USC § 227, et seq.)

33. Plaintiffs reallege and incorporate by reference the previous paragraphs.

34. Except for calls made with express consent or emergency calls, § 227(b)(1)(A)(iii) prohibits calls made with an ATDS to a cellular number.

35. The Receiving Number was assigned to Verizon Wireless at the time of the violative voicemail messages.

36. GCS made at least three calls to the Receiving Number.

37. Plaintiffs are informed and believe that GCS called the Receiving Number using their Castel predictive dialer.

38. Plaintiffs never provided express consent to call a wireless number.

39. The calls were not made for emergency purposes.

40. In addition to their actual damages, Plaintiffs seek statutory damages under § 227(b)(3)(B).

41. Defendant's violations of TCPA were willful or knowing, thus, entitling Plaintiffs to treble damages for each call pursuant to § 227(b)(3).

### FOURTH CLAIM FOR RELIEF
**(Violations of Invasion of Privacy — Cal. Penal Code § 631, et seq.)**

42. Plaintiffs reallege and incorporate by reference the previous paragraphs.

43. Horowitz made the calls alleged in ¶¶ 16-22 above using his wireless telephone. GCS recorded each of those conversations without obtaining Horowitz's consent. In doing so, GCS violated § 632.7(a), which prohibits the recording of a telephone communication between a wireless phone and a landline phone without both parties' consent.

44. In addition to his actual damages, Horowitz seeks statutory damages under § 637.2(a)(1). Horowitz further seeks injunctive relief under § 637(b).

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, having set forth the claims for relief against Defendant, respectfully pray for the following relief:

1. For Plaintiffs' actual damages in an amount to be proven at trial;
2. For all damages authorized by the statutes alleged above;
3. For attorneys' fees and costs;
4. For injunctive relief; and

8
AMENDED COMPLAINT; Case No. 14-cv-02512-MMA-RBB

5.  For such other and further relief as the Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury.

Dated: November 17, 2014                    JOHNSON & WEAVER, LLP

                                By: */s/ Brett M. Weaver*
                                    BRETT M. WEAVER

                                    Brett M. Weaver (SBN 204715)
                                    110 West A Street, Suite 750
                                    San Diego, CA  92101
                                    Telephone: (619) 230-0063
                                    Facsimile: (619) 255-1856

                                    *Attorney for Plaintiffs*
                                    *NICHOLAS HOROWITZ &*
                                    *CHAD HAMBY*

# CERTIFICATE OF SERVICE

I am employed in the County of San Diego. I am over the age of eighteen years and am not a party to the within entitled action. My business address is 110 West "A" Street, Suite 750, San Diego, California 92101.

On November 17, 2014, I served a copy of the following:

1. **AMENDED COMPLAINT**

[X] BY ELECTRONIC ACCESS: I hereby certify that the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties on the electronic service list maintained for the within entitled action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2014, at San Diego, California.

*/s/ Brett M. Weaver*
BRETT M. WEAVER