1  Renee Choy Ohlendorf (SBN 263939)
   HINSHAW & CULBERTSON LLP
2  11601 Wilshire Blvd.
   Suite 800
3  Los Angeles, CA 90025
   Telephone:  310-909-8000
4  Facsimile:  310-909-8001

5  Attorneys for Defendant GC Services Limited
   Partnership

6

7

8                  **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10                    **SAN DIEGO DIVISION**

| | |
|---|---|
| 11  Nicholas A. Horowitz, an individual, and Chad H. Hamby, an individual, | Case No.:  3:14-cv-02512-MMA-RBB (Assigned to the Honorable Judge Michael M. Anello, Ctrm. 3A) |
| 12 | |
| 13          Plaintiff, | |
| 14     vs. | **DEFENDANT GC SERVICES, LP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(1) AND 12(B)(6)** |
| 15  GC Services Limited Partnership; Ruby Cisneros, an individual; Does 1-100, inclusive,, | |
| 16 | |
| 17          Defendant. | **DATE:    JAN. 12, 2015** **TIME:     2:30 P.M.** |
| 18 | |
| 19 | Action Removed:  10/21/14 |
| 20 | |

21        **TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR**

22  **ATTORNEYS OF RECORD HEREIN:**

23        **PLEASE TAKE NOTICE THAT** on January 12, 2015 at 2:30 p.m., in

24  Courtroom 3A of the above-entitled court, located at 221 W. Broadway, Suite 3130,

25  San Diego, CA 92101, Defendant GC SERVICES, LP (hereinafter "Defendant" or

26  "GCS") will and hereby does move for an order pursuant to Federal Rule of Civil

27  Procedure 12(b)(1) and 12(b)(6), in that:

28

                                      1
                                                          31569046v1 0964311

1.     The first claim for violation of Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), fails to state a claim upon which relief can be granted;

2.     The second claim for violation of the California Rosenthal Fair Debt Collection Practices Act, *California Civil Code* §1788 *et seq.* (hereinafter "Rosenthal Act"), fails to state a claim upon which relief can be granted;

3.     The third claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), fails to state a claim upon which relief can be granted;

4.     This Court lacks subject matter jurisdiction over Plaintiff Hamby's third claim for violation of the TCPA; or, alternatively, lacks subject matter jurisdiction of Plaintiff Horowitz's third claim for violation of the TCPA; and

5.     The fourth claim for violation of the California Invasion of Privacy Act, California Penal Code §632.7 ("CIPA"), fails to state a claim upon which relief can be granted.

The Motion to Dismiss is based upon this Notice, the Memorandum of Points and Authorities in support thereof,  all other pleadings and records on file in this action, as well as such oral argument or other evidence that this Court may consider at the hearing these motions.

DATED:  December 4, 2014                          HINSHAW & CULBERTSON LLP

By: /s/ Renee C. Ohlendorf
Renee Choy Ohlendorf
Attorneys for Defendant GC Services
Limited Partnership

31569046v1 0964311

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................... 1

II.     MATERIAL ALLEGATIONS AND PROCEDURAL HISTORY ................. 2

III.    LEGAL STANDARD...................................................................... 2

IV.     NO VIOLATION OF THE FDCPA ALLEGED ............................................. 3

    A.    Plaintiffs' Claims Based on GCS' Three Calls on July 16, 18, and 20, 2013 Are Barred by the One-Year Statute of Limitations ............... 4

    B.    Continuing Violation Doctrine Does Not Apply to Revive Plaintiffs' Claims, as There Is No Debt Collection Activity Alleged in the July 16 or 18, 2014 Calls ............................................ 4

    C.    No Consumer Debt To Which the FDCPA Would Apply Is Alleged.......................................................................... 6

    D.    No Communications With Plaintiff Hamby Alleged .............................. 6

    E.    Because Plaintiff Horowitz Is Not a Consumer, GCS' Calls Are Exempted Under Section 1692b and Horowitz Lacks Standing............ 7

        1.    Section 1692d(6) ............................................................. 8

        2.    Section 1692e and e(10) ..................................................... 9

        3.    Section 1692f(5) ............................................................. 10

V.      PLAINTIFF'S CLAIM FOR VIOLATION OF THE ROSENTHAL ACT FAILS TO STATE A CLAIM................................................ 10

VI.     PLAINTIFFS DO NOT HAVE STANDING TO ASSERT A VIOLATION OF THE TCPA ............................................................ 11

    A.    Plaintiff Hamby Lacks Standing Because He Was Not the Called Party, as He Did Not Receive or Pay for Any of the Calls, and Was Not the Regular User of the Phone............................................... 11

    B.    Alternatively, Horowitz Lacks Standing Because He Is Not the Subscriber ...................................................................... 14

VII.    NO VIOLATION OF SECTION 632.7 OF CIPA ALLEGED...................... 14

VIII.   LEAVE TO AMEND SHOULD BE DENIED .............................................. 15

IX.     CONCLUSION............................................................................. 16

i

31569046v1 0964311

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009)................................................ 2, 3

*Avio, Inc. v. Alfoccino, Inc.,*
    -- F.Supp.2d --, 2014 WL 1870108 (E.D. Mich. 2014) ...................... 12

*Bell Atlantic Corp. v. Twombly,*
    550 US 544, 127 S.Ct. 1955 (2007)....................................................... 3

*Bledea v. Indymac Fed. Bank,*
    2010 WL 715255 (E.D. Cal. Feb. 25, 2010) ......................................... 3

*Bloom v. I.C. System, Inc.,*
    972 F.2d 1067 (9th Cir. 1992) .............................................................. 6

*Carman v. The CBE Group, Inc.,*
    782 F.Supp.2d 1223 (D. Kan. 2011) ................................................ 9, 10

*Cellco Partnership v. Plaza Resorts, Inc.,*
    2013 WL 5436553, *5 (S.D. Fla. Sept. 27, 2013) ......................... 13, 14

*Chavez v. Access Capital Services, Inc.,*
    2014 WL 2716876 (E.D. Cal. June 16, 2014) ..................................... 10

*Dokumaci v. MAF Collection Services,*
    2010 WL 2560024 (M.D. Fla. June 17, 2010)....................................... 3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,*
    528 U.S. 167 (2000) ............................................................................ 12

*Golan v. Veritas Entertainment, LLC,*
    2014 WL 2095310 (E.D. Mo. 2014).................................................... 12

*Gutierrez v. Barclays Group,*
    2011 WL 579238 (S.D. Cal. 2011) ..................................................... 12

*Hamby v. MacDowell & Associates, et al.,*
    S.D. Cal. Case No. 10-cv-00224-MMA-RBB ....................................... 1

*Hamby v. Power Toyota Irvine, et al.,*
    S.D. Cal. Case No. 11-cv-00544-BTM-BGS ......................................... 1

*Heintz v. Jenkins,*
    514 U.S. 291 (1995) .............................................................................. 3

*Horowitz, et al. v. American Express Bank, FSB, et al.,*
    S.D. Cal. Case No. 11-cv-01513-BEN-CAB .......................................... 1

ii

31569046v1 0964311

*Horowitz, et al. v. Associated Creditors Exchange, Inc., et al.,*
  S.D. Cal. Case No. 11-cv-01073-IEG-POR ..................................................... 1

*Horowitz, et al. v. Nationwide Credit, Inc., et al.,*
  S.D. Cal. Case No. 11-cv-01506-MMA-POR ................................................... 1

*Horowitz v. Bishop, White, Marshall & Weibel, P.S.,*
  S.D. Cal. Case No. 11-cv-01042-BTM-CAB .................................................. 1

*Horowitz v. Fidelis Management Group, LLC, et al.,*
  S.D. Cal. Case No. 13-cv-00801-H-JMA ...................................................... 1

*Horowitz v. Fidelis Management Group, LLC, et al.,*
  S.D. Cal. Case No. 13-cv-00805-H-JMA ...................................................... 1

*Horowitz v. Hunt & Enriques, et al.,*
  S. D. Cal. Case No. 11-cv-00967-DMS-NLS ................................................ 1

*Horowitz v. Transworld Systems Inc., et al.,*
  S.D. Cal. Case No. 11-cv-00208-LAB-BGS ................................................. 1

*Horowitz v. Zwicker & Associates, P.C., et al.,*
  S.D. Cal. Case No. 11-cv-01158-WQH-RBB ................................................ 1

*Ines v. Countrywide Home Loans,*
  2008 WL 4791863 (S.D. Cal. 2008) ............................................................ 3

*Izenberg v. ETS Services, LLC,*
  589 F.Supp.2d 1193 (C.D. Cal. 2008) ........................................................ 3

*Johnson v. JP Morgan Chase Bank,*
  2009 WL 382734 (E.D. Cal. 2009) .............................................................. 5

*Moore v. Kayport Package Express, Inc.,*
  885 F.2d 531 (9th Cir. 1989) .................................................................... 15

*Murphy v. Bronson, Cawley, & Bergmann, LLP,*
  2011 WL 2413447 (S.D. Cal. June 13, 2011) ......................................... 3, 10

*Olney v. Progressive Cas. Ins. Co.,*
  993 F.Supp.2d 1220 (S.D. Cal. 2014) .................................................. 12, 13

*Palm Beach Golf Ctr.-Boca, Inc. v. Sarris,*
  981 F.Supp.2d 1239, 2013 WL 5972173 (S.D. Fla. 2013) ........................... 12

*Riggs v. Prober & Raphael,*
  2011 WL 3238969 (N.D. Cal. Aug. 16, 2010) and *Cal. Civ.* ...................... 11

*Sanchez v. Client Services, Inc.,*
  520 F.Supp.2d 1149 ................................................................................. 7

*Scheffler v. Integrity Financial Partners,*
  2013 WL 9768539 (D. Minn. Oct. 28, 2013) ................................................ 9

iii

*Sosa v. Utah Loan Servicing, LLC,*
  2014 WL 173522 (S.D. Cal. 2014) ................................................................ 4

*Swanson v. U.S. Forest Service,*
  87 F.3d 339 .................................................................................................. 15

*Taylor v. Pinnacle Credit Services, LLC,*
  2011 WL 1303430 ........................................................................................ 11

*Townsend v. Chase Bank USA, N.A.,*
  2009 WL 426393 (C.D. Cal. Feb. 15, 2009) .................................................. 3

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ...................................................................... 3

*Walsh v. Frederick J. Hanna & Assoc.,*
  2010 WL 5394624 (E.D. Cal. Dec. 21, 2010) .............................................. 11

*Western Mining Council v. Watt,*
  643 F.2d 618 (9th Cir. 1981) ........................................................................ 3

*Young v. Hilton Worldwide, Inc.,*
  2014 WL 3434117 (C.D. Cal. July 11, 2014) ......................................... 1, 15

**Statutes**

Section 227(b)(1)(A) ....................................................................................... 12

15 U.S.C. §1692(a)(3), (5) ................................................................................ 6

15 U.S.C. §1692a(3) .......................................................................................... 7

Section 1692b .................................................................................................... 7

15 U.S.C. §1692b(5) .......................................................................................... 8

Sections 1692d(6) ......................................................................................... 2, 8

Sections 1692c(b), d, d(6) ................................................................................ 4

Section 1692c(b) ............................................................................................... 8

Section 1692b(1), b(3) and 1692c(b) ............................................................... 8

Section 1692e and e(10) ............................................................................. 9, 10

15 U.S.C. §1692f(5) ........................................................................................ 10

*California Penal Code §632.7* ................................................................ 1, 14, 15

*Civil Code §1788.30(f)* ................................................................................... 11

Sections 1692d(6) and e(10) ............................................................................ 9

Section 1692e of the FDCPA ............................................................................ 3

Section 1692k(d) of the FDCPA ................................................................. 4

Rosenthal Act ............................................................................... 2, 10, 11

**Other Authorities**

Rule 9(b) ........................................................................................... 3

Rule 12(b)(6) ..................................................................................... 2

Article III of the U.S. Constitution ................................................... 11, 12

MOTION TO DISMISS AMENDED COMPLAINT

31569046v1 0964311

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs conceded the allegations of their initial Complaint lacked merit when they amended their Complaint instead of opposing GCS' Motion to Dismiss.  The Amended Complaint cures none of the identified pleading defects, however.  The FDCPA and Rosenthal claims are still barred by the one-year statute of limitations.  Plaintiff Hamby still lacks standing to bring a TCPA claim, as he admittedly did not subscribe to the phone at issue or receive any of the three phone calls placed by GCS.   Faced with facts unfavorable to them, Plaintiffs made a number of "investigative" phone calls to GCS in a calculated attempt to conjure the necessary facts to support their frivolous claims, including the newly added fourth claim for violation of Section 632.7 of CIPA.  But  Section 632.7 prohibits only third-party interception and recording of phone calls under  *Young v. Hilton Worldwide, Inc.*, 2014 WL 3434117, *1 (C.D. Cal. July 11, 2014), which is not alleged in the Amended Complaint.

Thus, Plaintiffs' second attempt to plead a cognizable claim against GCS fails as a matter of law.  This case is just the latest in a litany of substantially similar and meritless lawsuits against creditors and debt collection agencies filed by Plaintiffs and which have pended in the Southern District of California, including this Court in particular.[1]  GCS respectfully requests that this Court put an end to Plaintiffs' streak of frivolous litigation, and grant this Motion without leave to amend.

---

[1] *See Hamby v. MacDowell & Associates, et al.*, S.D. Cal. Case No. 10-cv-00224-MMA-RBB; *Horowitz, et al. v. Nationwide Credit, Inc., et al.*, S.D. Cal. Case No. 11-cv-01506-MMA-POR; *Horowitz v. Hunt & Enriques, et al.*, S.D. Cal. Case No. 11-cv-00967-DMS-NLS; *Horowitz, et al. v. Associated Creditors Exchange, Inc., et al.*, S.D. Cal. Case No. 11-cv-01073-IEG-POR; *Horowitz, et al. v. American Express Bank, FSB, et al.*, S.D. Cal. Case No. 11-cv-01513-BEN-CAB; *Hamby v. Power Toyota Irvine, et al.*, S.D. Cal. Case No. 11-cv-00544-BTM-BGS; *Horowitz v. Fidelis Management Group, LLC, et al.*, S.D. Cal. Case No. 13-cv-00805-H-JMA; *Horowitz v. Fidelis Management Group, LLC, et al.*, S.D. Cal. Case No. 13-cv-00801-H-JMA; *Horowitz v. Transworld Systems Inc., et al.*, S.D. Cal. Case No. 11-cv-00208-LAB-BGS; *Horowitz v. Zwicker & Associates, P.C., et al.*, S.D. Cal. Case No. 11-cv-01158-WQH-RBB; *Horowitz v. Bishop, White, Marshall & Weibel, P.S.*, S.D. Cal. Case No. 11-cv-01042-BTM-CAB.

1

31569046v1 0964311

## II.     MATERIAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiffs allege that on July 16, 18, and 20, **2013,** GCS left three voicemail messages for Chad Hamby at the number (760) 757-9515 ("Receiving Number") in an attempt to contact Hamby regarding his outstanding QVC account balance. Compl. ¶¶29-31; AC ¶¶11-13. Plaintiffs purport that those calls were placed using an autodialer, and that Horowitz, the regular user and subscriber of the Receiving Number, did not provide prior consent to receive autodialed calls.  AC ¶¶8, 9, 14. Hamby did not use the Receiving Number, according to the Amended Complaint. AC ¶9.  Plaintiffs contend these three phone calls violate Sections 1692d(6), e, e(10), e(11), and f(5) of the FDCPA, the corresponding provisions of the Rosenthal Act, and the TCPA.  The calls on July 16, 18, and 20, 2013 are the only communications alleged to have been initiated by GCS.

One year later, after the expiration of the limitations period for the FDCPA and Rosenthal claims, Plaintiff Horowitz placed seven calls to GCS on July 16 and 18, **2014,** allegedly to "investigate" the grounds of this lawsuit.  AC ¶¶16-22; *see also* Compl. ¶¶8, 52.  According to the Amended Complaint, the 2014 calls were recorded without obtaining Horowitz's consent. AC ¶¶16-22.

Plaintiffs then filed the initial Complaint on July 21, **2014**.  Plaintiffs filed the subject Amended Complaint in response to GCS' Motion to Dismiss the initial Complaint.

## III.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claim or claims alleged in the complaint.  The U.S. Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly,* 550 US 544, 570, 127 S.Ct. 1955, 1974 (2007) (emphasis added).  However, a court need

1   not assume the truth of legal conclusions.   *Western Mining Council v. Watt*, 643

2   F.2d 618, 624 (9th Cir. 1981).

3        A complaint that only shows "a sheer possibility that the defendant acted

4   unlawfully" is insufficient. *Iqbal* at 1949.  Thus, in order to meet the "plausibility"

5   requirement, a plaintiff must plead "more than labels and conclusions" or "formulaic

6   recitations of the elements of a cause of action". *Twombly,* 550 U.S. at 555.  The

7   "plausibility" requirement governs complaints in all federal civil actions.  *Iqbal* at

8   1949.

9        Additionally, a plaintiff alleging false representations under Section 1692e of

10   the FDCPA, as is the case here, is subject to the heightened pleading standard of

11   Rule 9(b) for claims sounding in fraud. *Bledea v. Indymac Fed. Bank*, 2010 WL

12   715255, *7, 8 (E.D. Cal. Feb. 25, 2010); *see also Townsend v. Chase Bank USA,*

13   *N.A.*, 2009 WL 426393, *2 (C.D. Cal. Feb. 15, 2009).  Plaintiff is required to state

14   the "who, what, when, where and how" of the false representation under this

15   standard. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003).

16   **IV.    NO VIOLATION OF THE FDCPA ALLEGED**

17        To state a claim for violation of the FDCPA, a plaintiff must plead sufficient

18   facts showing that (1) <u>he has been subject to collection activity</u> arising from a

19   consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and

20   (3) that the defendant has participated in an act or omission prohibited by the

21   FDCPA. *Murphy v. Bronson, Cawley, & Bergmann, LLP*, 2011 WL 2413447 (S.D.

22   Cal. June 13, 2011); *Dokumaci v. MAF Collection Services*, 2010 WL 2560024

23   (M.D. Fla. June 17, 2010); *Ines v. Countrywide Home Loans*, 2008 WL 4791863

24   (S.D. Cal. 2008); *Izenberg v. ETS Services, LLC,* 589 F.Supp.2d 1193 (C.D. Cal.

25   2008).  "To collect a debt or claim is to obtain payment or liquidation of it, either by

26   personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294

27   (1995).

28

MOTION TO DISMISS AMENDED COMPLAINT

31569046v1 0964311

A.    **Plaintiffs' Claims Based on GCS' Three Calls on July 16, 18, and 20, 2013 Are Barred by the One-Year Statute of Limitations**

Section 1692k(d) of the FDCPA provides a one-year statute of limitations, and states,

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.  15 U.S.C. §1692k(d) (emphasis added).

The initial Complaint was filed in San Diego Superior Court on <u>July 21, 2014</u>. Plaintiffs allege violations of Sections 1692c(b), d, d(6), e, e(10), e(11), f, and f(5) based on <u>three calls made by GCS on July 16, 2013, July 18, 2013, and July 20, 2013.  Those are the only calls alleged to be made *by GCS*</u>.  Compl. ¶¶29-32, 67-73. Plaintiffs' claims based on the 2013 calls are all time-barred.  Nor is there any actionable collection activity alleged within the limitations period, much less a continuing course of conduct that would toll the statute of limitations period under the continuing violation doctrine, as discussed *infra*.

B.    **Continuing Violation Doctrine Does Not Apply to Revive Plaintiffs' Claims, as There Is No Debt Collection Activity Alleged in the July 16 or 18, 2014 Calls**

Because no collection activity or statutory violation is alleged within the limitations period, much less a continuing course and pattern of actionable conduct, the continuing violation doctrine does not apply to save their claims.  The continuing violation doctrine applies only in limited circumstances, where "the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts." *Sosa v. Utah Loan Servicing, LLC*, 2014 WL 173522 (S.D. Cal. 2014) (continuing violation doctrine did not apply to six letters sent over a two-year period) (citations omitted).

In this case, there are three total phone calls alleged to have been placed <u>by GCS</u> on July 16, 18, and 20, 2013.  There is no collection activity alleged after July 20, 2013.  There is no allegation that GCS contacted or attempted to contact either Plaintiff after its last phone call on July 20, 2013.  <u>The only communications alleged within the limitations period are seven calls made *by Horowitz to GCS on July 16, 2014 and 18, 2014.*  Those calls were placed not in response to GCS' prior attempts to collect Hamby's debt *one year earlier*, but for the purposes of "investigating" this lawsuit.</u>  *See* AC ¶¶16-22; Compl. ¶¶8, 52.

There is no debt collection activity alleged during any of Horowitz's calls to GCS on July 16, 2014 or July 18, 2014.  *See* AC ¶¶16-22; Compl. ¶¶8, 52.  Nowhere is it alleged that GCS requested payment of Hamby's outstanding account balance or any other debt during either call, or that Horowitz made the calls to discuss or remit payment on Hamby's account.   There is no allegation that Hamby's debt was discussed during any of the 2014 calls, or that Hamby was a party to those calls.  The only allegation made with respect to the 2014 calls is that GCS purportedly did not disclose that it was recording the call at the outset of the call. That is certainly not a continuation of its prior attempts to collect Hamby's debt, which had already ceased for a year.  Rather, GCS' statement is a discrete act in response to a communication initiated by Horowitz.    Indeed, <u>Plaintiffs admit that Horowitz placed those calls "[a]s part of his investigation into this lawsuit."</u>  AC ¶¶16-22; *see also* Compl. ¶¶52 (emphasis added).

Absent any debt collection activity, there is no actionable claim under the FDCPA.  Horowitz's calls are nothing more than a thinly veiled and inappropriate attempt to make an end-run around the one-year time bar.  California courts have rejected similar claims by other plaintiffs. *Johnson v. JP Morgan Chase Bank*, 2009 WL 382734 (E.D. Cal. 2009) (continuing violation doctrine did not apply where creditor responded to one phone call from debtor alleging identity theft, and then sent one follow up letter to debtor one month letter).

1    There is no basis for Plaintiffs' improper attempt to bootstrap their time-barred
2    claims onto Horowitz's July 16 and 18, 2014 "investigative" calls to GCS.
3    Plaintiffs' claims come too late, and this Court should decline to override the plain
4    language of the statute and toll the limitations period on these allegations.

5    **C.    No Consumer Debt To Which the FDCPA Would Apply Is Alleged**

6    Notwithstanding the fact that Plaintiffs' claims are time-barred, the Amended
7    Complaint suffers from further defects, including the failure to plead the existence of
8    a consumer debt to which the FDCPA would apply.  A "consumer debt" is a debt
9    alleged to be incurred by natural persons in transactions involving money, property,
10   insurance, or services used primarily for personal, family or household purposes.  15
11   U.S.C. §1692(a)(3), (5).   Debts incurred primarily for business purposes are not
12   within the scope of the FDCPA. *Bloom v. I.C. System, Inc.*, 972 F.2d 1067, 1068-69
13   (9th Cir. 1992).

14   Plaintiffs fail to plead any <u>facts</u> in support of this element.  The sole allegation
15   in the Amended Complaint with respect to this element is at Paragraph 12, which
16   states, "In December 2012, Hamby purchased a Dell personal computer from the
17   QVC shopping television channel on an installment payment plan."  There are no
18   facts in Paragraph 12 or anywhere else in the Amended Complaint from which this
19   Court or GCS can infer for whom the computer was purchased, and whether the
20   computer was used primarily for business purposes, as opposed to personal, family,
21   or household purposes.  The absence of such facts mandates dismissal.

22   **D.    No Communications With Plaintiff Hamby Alleged**

23   Further, as to Plaintiff Hamby, no communications of any kind are alleged
24   between him and GCS.   For there to be a violation of the FDCPA, there must have
25   been a <u>communication from a debt collector to the plaintiff</u> regarding plaintiff's
26   consumer debt.  There is no allegation that Hamby received any of the 2013 calls, or
27   incurred or paid any charges thereon.  The calls placed by GCS on July 16, 18, and
28   20, 2013 were all directed to the Receiving Number.  AC ¶¶11-13.  According to the

6

31569046v1 0964311

1  Amended Complaint, "[t]he Receiving Number was in Horowitz's name, Horowitz
2  was the regular user of the phone, and he paid the monthly bill.  <u>Hamby did not use</u>
3  <u>the Receiving Number</u> . . ." AC ¶9 (emphasis added).

4      And as discussed in Section IV.B, *supra*, there is no debt collection activity
5  alleged in any of the July 18 or 20, <u>2014</u> calls placed by Horowitz to GCS.  Nor is it
6  alleged that Hamby was ever a party to any of those calls.  Absent any
7  communication between Hamby and GCS, Hamby's claims for violation of the
8  FDCPA cannot be sustained.

9      **E.    Because Plaintiff Horowitz Is Not a Consumer, GCS' Calls Are**
10        **Exempted Under Section 1692b and Horowitz Lacks Standing**

11     Even assuming *arguendo* that Plaintiffs' claims were timely, which they are
12  not, Plaintiff Horowitz' claims would also fail for lack of standing.  The FDCPA
13  applies only to consumers, and defines a "consumer" as "any natural person
14  obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3); *see also*
15  *Sanchez v. Client Services, Inc.*, 520 F.Supp.2d 1149, 1155, fn.3 ("plaintiff Sophia
16  Sanchez did not owe the debt or was otherwise obligated to pay the debt.  As such,
17  she has no standing to assert violations under the state and federal fair debt collection
18  practices act here.").  No debt or obligation of any kind is alleged to be owed by
19  Horowitz.  The only outstanding balance alleged is that owed by Hamby to QVC.
20  AC ¶8.  Thus, Horowitz is not a consumer that has standing to bring this lawsuit.

21     With respect to non-consumers such as Horowitz, Section 1692b restricts debt
22  collection agents from disclosing to the third-party the identity of their employer or
23  that the call relates to the collection of a debt.  Section 1692b provides in pertinent
24  part as follows:

25        Any debt collector communicating with any person other
26        than the consumer for  purpose of acquiring location
          information about the consumer shall –

27        (1)   identify himself, state that he is confirming or
28        correcting location information concerning the consumer,

7

31569046v1 0964311

**and only if expressly requested, identify his employer**; . . .

. . . .

> (3)   not communicate with any such person more than once unless requested to do so by such person **or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information**; . . . (emphasis added).  *See also FTC Staff Commentary on the FDCPA*, 53 Fed. Reg. 50103 (Dec. 13, 1988).

Nowhere in the statute does it require a debt collector to disclose that it is a debt collector to a non-consumer.  *See, e.g.*, 15 U.S.C. §1692b(5).  Additionally, Section 1692c(b) prohibits debt collectors from communicating about a debt with anyone but the consumer.

### 1.   Section 1692d(6)

Plaintiffs allege that GCS violated Section 1692d(6) by failing to provide meaningful disclosure of its identity.  That provision states:

> §1692d.   A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (6)   Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Plaintiffs' Section 1692d(6) claim for failure to disclose that the subject phone calls were from a debt collector also fails as a matter of law.  Because Horowitz is not a consumer under the FDCPA, GCS may not disclose to Horowitz that it is a debt collector or that it is calling regarding a debt pursuant to the restrictions of Section 1692b(1), b(3) and 1692c(b), as discussed above.  In this case, Horowitz does not allege that he ever spoke to GCS during any of the 2013 calls, much less that he requested GCS' agent to identify his or her employer during any phone call, and

1  unless he did so, GCS was not required to disclose its identity or line of business to
2  Horowitz.

3                              **2.    Section 1692e and e(10)**

4       Plaintiffs assert that GCS' use of a local, San Diego phone number on caller
5  ID is false and deceptive because the calls originated from Texas.  AC ¶15, 27.
6  Other courts considering this issue have found such claims to fail as a matter of law.
7  For example, in *Scheffler v. Integrity Financial Partners*, plaintiff contended that
8  defendant's use of a Minnesota caller ID number for calls originating from Kansas
9  violated Sections 1692d(6) and e(10).  The Minnesota number displayed on the caller
10  ID belonged to the defendant, and when dialed, connected to the defendant.  The
11  caller ID did not display the name of a fictitious person or entity.  Accordingly, the
12  *Scheffler* court "conclude[d] that because the information displayed on Plaintiff's
13  caller Id was accurate, there is no liability under the FDCPA. *Scheffler v. Integrity*
14  *Financial Partners*, 2013 WL 9768539, *2-4 (D. Minn. Oct. 28, 2013).  *See also*
15  *Carman v. The CBE Group, Inc.*, 782 F.Supp.2d 1223, 1233-34 (D. Kan. 2011)
16  ("Although plaintiff complains that her caller ID did not reveal CBE's identity or
17  name, there is no evidence that CBE blocked this information or made any attempt to
18  deceive her.  In this case, the only information conveyed on plaintiff's caller ID
19  display was CBE's phone numbers, which were entirely accurate.").

20       There is no allegation that (760) 979-5319, the number displayed on
21  Horowitz's caller ID, did not belong to GCS at the time the calls were placed to the
22  Receiving Number.  There is no allegation that there was a false name displayed on
23  the caller ID.  There is simply no allegation of anything false, misleading, or
24  deceptive about the number (760) 979-5319.  Plaintiffs imply that GCS used the
25  local number to induce one or both of them to answer the calls, but as the Amended
26  Complaint alleges, GCS' three calls in 2013 went unanswered.

27
28

31569046v1 0964311

To the extent that the Section 1692e and e(10) claims are premised upon the contention that the caller ID did not give meaningful disclosure of GCS' identity, that too fails for all the reasons set forth in Section IV, *supra*.

### 3.   Section 1692f(5)

A single allegation that a defendant caused charges to be made to plaintiff's cell phone is insufficient to state a claim for violation of Section 1692f(5). *Chavez v. Access Capital Services, Inc.*, 2014 WL 2716876, *4 (E.D. Cal. June 16, 2014). For example, the court in *Chavez* dismissed plaintiff's complaint because "[o]ther than the conclusory allegation that Defendant violated §1692f(5) 'by causing charges to be made to [Plaintiff's] cell phone,' the complaint does not contain any facts that plausibly demonstrate that Defendant violated §1692f(5)."

That is also the case here. In addition to being time-barred and failing to allege the basic elements of an FDCPA claim, the only allegation in support of this claim is at Paragraph 27, which states in pertinent part, ". . . by using a deceptive caller ID number to conceal the true purpose of the call, GCS violated 15 U.S.C. §1692f(5) by causing charges to be made to Plaintiffs' cell phone bill." Not only was there no "deception" with respect to the caller ID display, as discussed in Section IV.E.3, *supra*, but this is the same type of barebones, conclusory statement that the *Chavez* court rejected, and that this Court too should reject.

Both Plaintiffs' claims for violation of the FDCPA should be dismissed with prejudice for all the foregoing reasons.

## V.   PLAINTIFF'S CLAIM FOR VIOLATION OF THE ROSENTHAL ACT FAILS TO STATE A CLAIM

The Rosenthal Act "is California's version of the FDCPA, as it 'either mimics the relevant provisions of the FDCPA or incorporates them by reference.'" *Murphy v. Bronson, Cawley, & Bergmann, LLP*, 2011 WL 2413447 at *6 (citing *Riggs v. Prober & Raphael*, 2011 WL 3238969, at *3 (N.D. Cal. Aug. 16, 2010) and *Cal. Civ. Code* §1788.17). As such, "district courts analyze FDCPA and [Rosenthal Act]

10

claims identically." *Id.* (citing to *Taylor v. Pinnacle Credit Services, LLC*, 2011 WL 1303430, at *2, n.2; *Walsh v. Frederick J. Hanna & Assoc.*, 2010 WL 5394624, *4 (E.D. Cal. Dec. 21, 2010); *Riggs*, 2010 WL 3238969 at *3.

Like the FDCPA, the Rosenthal Act also has a one-year statute of limitations. *Civil Code* §1788.30(f) states in pertinent part as follows:

> Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, *within one year from the date of the occurrence of the violation.* (emphasis added).

Thus, Plaintiff's Rosenthal claims fail for all the same reasons set forth in Section IV, *supra*, and incorporated herein by reference to avoid further encumbering the record.

## VI.  PLAINTIFFS DO NOT HAVE STANDING TO ASSERT A VIOLATION OF THE TCPA

### A.  Plaintiff Hamby Lacks Standing Because He Was Not the Called Party, as He Did Not Receive or Pay for Any of the Calls, and Was Not the Regular User of the Phone

Hamby lacks standing to assert a claim for violation of the TCPA, as he was not the regular user of the phone called by GCS, did not receive any of the July 2013 calls, and did not pay for any of those calls. *See* AC ¶9, Compl. ¶¶6, 40. Nevertheless, Hamby claims that his status as "nominal" subscriber to the phone confers him with standing to sue for autodialer calls which he did not receive. *See* AC ¶10; Compl. ¶¶40, 41. That is nonsensical, and not the law.

Standing under Article III of the U.S. Constitution is a threshold jurisdictional requirement of any action. To establish an Article III case or controversy, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely,

31569046v1 0964311

as opposed to speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000).

Plaintiffs in TCPA actions are not exempted from establishing Article III standing. "The TCPA, in its effort to protect consumers' privacy rights . . . does not show Congress expressed an intent to circumvent the Article III case-or-controversy standing requirement, which requires a plaintiff to demonstrate a distinct and palpable injury when seeking a private remedy." *Golan v. Veritas Entertainment, LLC*, 2014 WL 2095310 (E.D. Mo. 2014) (prerecorded voice message received by plaintiffs on their voicemail and of which they had no knowledge lacked Article III standing to prosecute TCPA claims).  *See also Avio, Inc. v. Alfoccino, Inc.*, -- F.Supp.2d --, 2014 WL 1870108 (E.D. Mich. 2014) (plaintiff lacking knowledge of or possession of purported junk faxes at issue did not have privacy invaded, did not suffer injury in fact, and did not have Article III standing for TCPA claim); *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 981 F.Supp.2d 1239, 2013 WL 5972173 (S.D. Fla. 2013) (same).

Thus, the TCPA does not contemplate that a person who does not receive autodialer calls may file a private claim.  The Southern District of California has held that **"[t]he only logical interpretation of 'called party' as used in this section [227(d)] is the 'actual recipient'", and that interpretation should carry the same meaning in other provisions of the TCPA**, such as Section 227(b)(1)(A), at issue in this case.  *Olney v. Progressive Cas. Ins. Co.*, 993 F.Supp.2d 1220 (S.D. Cal. 2014) (regular user of cell phone is the called party that has standing to sue for TCPA violation).  Thus, in this district, courts have construed the statute as protecting <u>the ultimate user of the phone</u>, and confer standing upon that person.  Usually, that is the subscriber to the phone.  *Gutierrez v. Barclays Group*, 2011 WL 579238 (S.D. Cal. 2011) (subscriber had standing because she was also the regular user of the phone who received the calls at issue).  Where the subscriber is not the primary user of the

31569046v1 0964311

phone, courts have found it is the regular user that has standing. *Olney,* 993 F.Supp.2d 1220.

This is because the phone subscriber, who is the named account holder on the phone, may transfer his or her rights to consent to autodialed calls to the regular user of the phone. As the court in *Cellco v. Plaza Resorts* explained:

> The Court starts with the proposition that the subscriber controls the telephone for all legally relevant purposes, since the subscriber is the person who is obligated to pay for the telephone and has the authority to consent to receive calls that would otherwise be prohibited by the statute. (citations omitted). Since the subscriber controls the telephone for all legally relevant purposes, he or she can transfer use of the telephone, and all rights attendant to its use, to another. In most instances when the subscriber is an individual, he or she will be the primary user of the telephone and the recipient of the prohibited calls. Under such circumstances, the cause of action inures to the benefit of the subscriber.

> However, a subscriber can, and in many cases will, transfer primary use of the telephone to another. For example, the head of a household subscribes to three telephones, one to be used by him or her, one to be used by the subscriber's spouse, and one to be used by the subscriber's child. **When the subscriber transfer the right to primary use of the telephone to another, the subscriber also transfer to the primary user the right to consent to the receipt of otherwise prohibited calls and the right to any cause of action accruing as a result of a prohibited call**. This is a logical inference from the statutory scheme since the act is designed to protect users of telephones from nuisance calls and from unwarranted invasion of their privacy. (citations omitted). **The primary user of the telephone is the one who needs protection from nuisance calls and privacy, not a subscriber who never uses the telephone. To conclude otherwise would mean in our hypothetical that when the subscriber's spouse or child receives a prohibited call on the telephone that has been given to them for their use, and which the subscriber does not use, the subscriber would have the cause of action. Such a result cannot be what Congress had in mind when it enacted the statute. Thus, the primary use of the telephone, as determined by the subscriber, should have the cause of action when a violation of the statute occurs**. *Cellco Partnership v. Plaza Resorts, Inc.*, 2013 WL 5436553, *5 (S.D. Fla. Sept. 27, 2013) (emphasis added).

MOTION TO DISMISS AMENDED COMPLAINT

31569046v1 0964311

As in *Cellco*, Hamby transferred his rights to the telephone when he transferred sole use of it to Horowitz, and thus, transferred his standing to sue for violations of the TCPA. Plaintiffs allege it was only Horowitz, not Hamby, that received the three phone calls from GCS in July 2013. Compl. ¶¶6, 40. They also allege that only Horowitz used the phone called by GCS, and that Hamby did not have access to that phone or pay the phone bills. Compl. ¶40. According to the Complaint, "Plaintiff Horowitz was the regular user of (760) 757-9515, the Verizon Wireless electronic equipment which provided fixed wireless connection to the line was located inside Plaintiff Horowitz' residence, and Plaintiff Horowitz paid the bill." Compl. ¶40. Nor could Hamby have received the July 2013 calls because at the time those calls were made, Hamby resided in the State of Washington, and Horowitz resided in Marin County, California. *See* Compl. ¶¶11, 12. As Plaintiffs assert, the phone at issue was only "nominally in Hamby's name". *Id.*

Under these facts, Hamby was not the called party, did not suffer any invasion of his privacy rights, and did not suffer any injury in fact, as he did not receive or pay for any calls from received from GCS. Hamby lacks standing to file a claim for violation of the TCPA, and his claim must be dismissed with prejudice

**B.     Alternatively, Horowitz Lacks Standing Because He Is Not the Subscriber**

Alternatively, should this Court determine that it is the subscriber, and not the regular user that has standing to file a TCPA claim, then Horowitz's claim must be dismissed for lack of standing, since the Amended Complaint alleges the account for the phone was in Hamby's name and that Hamby was the subscriber of the phone. *See* AC ¶9, 10; Compl. ¶40. Either way, **only one plaintiff can have standing to file the claim for alleged violation of the TCPA, not both**.

**VII.   NO VIOLATION OF SECTION 632.7 OF CIPA ALLEGED**

*California Penal Code* §632.7 provides in pertinent part:

31569046v1 0964311

1
2
3
4
5

> (a)   Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, or a cordless telephone and acellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) . . . .

6
7
8
9
10
11
12

However, Section 632.7 only "restrict[s] *third-party* interception of cellular and cordless telephone radio transmissions.  The statutory scheme makes it clear that these sections refer to the actual interception or reception of these radio signals by third parties and do not restrict the parties to a call from recording those calls." *Young v. Hilton Worldwide, Inc.*, 2014 WL 3434117, *1 (C.D. Cal. July 11, 2014) (emphasis original).  Nor has the legislature limited service monitoring calls.  *Id.* at *2, citing *Shin v. Digi-Key Corp.*, 2012 WL 5503847 (C.D. Cal. Sept. 17, 2012).

13
14
15

There is no allegation of any third-party interception or recording of any of the calls in the Amended Complaint.  This claim must accordingly be dismissed with prejudice.

16

## VIII.  LEAVE TO AMEND SHOULD BE DENIED

17
18
19
20
21
22
23
24

It is well established that "[i]n deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Id.*  Denial of a motion for leave to amend is reviewed for an abuse of discretion. *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343.

25
26
27
28

Plaintiffs have already had an opportunity to amend.  Rather than addressing the defects raised in GCS' Motion to Dismiss the initial Complaint, Plaintiffs chose to simply add yet another deficient cause of action.  The facts pled by Plaintiffs

MOTION TO DISMISS AMENDED COMPLAINT

1   establish that further amendment would be futile, as they will not be able to

2   overcome the time bar and standing hurdles.  Leave to amend should accordingly be

3   denied.

4   **IX.   CONCLUSION**

5        For all the foregoing reasons, Defendant GC Services LP respectfully requests

6   that this Court grant its Motion to Dismiss in its entirety, without leave to amend.

7

8   DATED:  December 4, 2014                              HINSHAW & CULBERTSON LLP

9                                                         By: /s/ Renee Choy Ohlendorf

10                                                        Renee Choy Ohlendorf
                                                          Attorneys for Defendant GC Services
11                                                        Limited Partnership

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS AMENDED COMPLAINT

31569046v1 0964311

## PROOF OF SERVICE

*Horowitz, et al. v. GC Services Limited Partnership, et al.*

### USDC Case No. 3:14-cv-02512-MMA-RBB

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On December 4, 2014, I served the document(s) entitled **DEFENDANT GC SERVICES, LP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(1) AND 12(B)(6)** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**BRETT M. WEAVER
110 WEST A. STREET, STE. 750
SAN DIEGO, CA 92101
619-230-0063
619-255-1856 FAX
BRETTW@JOHNSONANDWEAVER.COM**

**(BY MAIL):**        I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL):** x  I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time show on each transmission, to each interested party at the email address shown above.  Each transmission was reported as complete and without error.

**(BY CM/ECF SERVICE):**        I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

Executed on December 4, 2014, at Los Angeles, California.

**(FEDERAL):**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct

MELANIE DAVIS

17

MOTION TO DISMISS AMENDED COMPLAINT

31569046v1 0964311